———o———

### EDGAR L. GRAY v. SAMUEL JONES.

*Statute of limitations—Absence from State—Commencement of suit —Jurisdiction.*

1. The commencement of suit in which jurisdiction is obtained over the person of the defendant fulfills the purposes of the statute of limitations as to *that* cause of action by affording to the plaintiff his remedy.

2. The court having obtained jurisdiction over the person of the defendant, he is considered as being present in the forum during the pendency of the suit for all purposes of the remedy, and consequently as to *that* cause of action the statute is operative and running during the pendency of the suit.

3. While such suit is pending no new suit can be commenced for the same cause of action, nor afterwards, if the limitation of time has elapsed during the pendency of the *first* suit.

Error to Newaygo. (Palmer, J.) Argued April 11, 1890. Decided May 9, 1890.

---

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*A. G. Day* and *Smith, Nims, Hoyt & Erwin,* for appellant.

*George Luton (D. E. Corbitt,* of counsel), for plaintiff.

CAHILL, J. The plaintiff recovered a judgment in trover against the defendant for $5,000 in the Newaygo circuit, and the defendant brings error.

The view we take of the case makes it necessary for us to examine but one question. This suit was commenced under the statute of 1883 (Laws of 1883, p. 166), by attachment issued out of the circuit court for the county of Newaygo on February 2, 1885, by which writ the sheriff was commanded to attach so much of the property—

" Of the defendants as will be sufficient to satisfy the demand of plaintiff, as set forth in his affidavit, and costs of writ."

The demand, as set out in the affidavit, consisted in the claim that in 1867 Gray was the owner—

" Of the west half of the north-east quarter of section twelve, in town No. eleven north, of range No. twelve west, containing eighty acres; that during the winter following there was cut and removed from said land, without leave or license of affiant, three hundred thousand feet, board measure, of pine saw-logs; and that during the summer and fall following, said logs, being of the value of eighteen hundred dollars at the time of conversion, were converted by Samuel F. Jones and Charles Barton, and that such conversion occurred in the said county of Newaygo."

On February 3, 1885, the plaintiff obtained from the circuit court commissioner the indorsement upon said writ of an order, as follows:

"Let the property of the defendants named in the

within writ be attached to the amount of two thousand dollars."

On the same day the sheriff attached the interest of the defendants in certain lands, which were appraised at $960. June 13, 1885, a declaration on the common counts in *assumpsit* was filed. No appearance being entered by the defendants, their default was entered, and on July 6 a judgment was rendered in favor of the plaintiff for $2,119 and costs. On November 10, 1885, this judgment was, on motion of the defendants, vacated, and a new trial granted. The plaintiff was, in the same order, given leave to file a new declaration. On December 4, 1885, the plaintiff filed a declaration in trover, charging:

1. The conversion, on the first of November, 1867, of four thousand pine saw-logs, of the value of five thousand dollars.
2. The conversion on the same day of four thousand pine · saw-logs, and five hundred thousand feet of pine saw-logs, board measure, of the value of five thousand dollars.
3. The conversion on the same day of four thousand pine saw-logs, of the value of five thousand dollars.

The defendants pleaded the general issue, and gave notice that the said several supposed causes of action did not accrue to the plaintiff within six years.

On the trial the plaintiff's evidence tended to show that he was the owner, in 1867 and 1868, of certain descriptions of land on section 12, township 11 N., range 12 W., in Newaygo county; that during that season Robinson & Patterson were lumbering on that section, and in the course of their operations cut a quantity of timber from his lands, and put the logs in the Muskegon river; that these logs were cut on lands adjoining the lands of B. Merrill & Co., a firm doing business in Chicago, and composed of B. Merrill, Charles Barton, and

the defendant; that the firm of B. Merrill & Co. purchased the logs cut by Robinson & Patterson that season afloat in Muskegon river, and that among the logs so purchased were the plaintiff's; that Mr. Merrill died in 1868, and Mr. Barton died in 1886, after the commencement of this suit, and that his death had been suggested upon the record; that defendant Jones resided at Chicago, Ill., in 1867, and had lived there ever since

The plaintiff, being sworn as a witness on his own behalf, testified that in June, 1868, he had a conversation with Mr. Merrill about these logs that had been cut from his land, but was unable to bring about a settlement; that in May, 1869, he had a conversation with the defendant Jones at the village of Newaygo about the same matter.   He further testified as follows:       •

"I spent nearly all the forenoon with Mr. Jones, talking the matter over.   He said that Patterson logged for the firm of B. Merrill & Co., and that they had the logs, and that when he [Patterson] ran away, between the first of February and the first of March, 1868, George McClellan took charge of the job, and ran it for them. Jones said Patterson logged for him, and that the land belonged to them; that McClellan was their agent, and ran the job for him; and the only claim that Jones made was this: That Oliver Seaman had told him that there were but very few logs cut.   He insisted that I ought to see Robinson & Patterson; that they had lost money for the firm any way; and, after talking with him all the forenoon, I sued him before he left town, and in the afternoon we talked the matter over again."

With reference to this suit, so commenced by the plaintiff, he further testified that May 31, 1869, he commenced a suit against Barton and Jones for this same trespass, by summons, claiming $600 damages; that there was a personal service of the summons upon Mr. Jones on the date of its issue, and that that suit was never prosecuted, but was afterwards, and in the year 1885, discontinued.

The record shows that the suit begun in 1869 was discontinued on motion of the plaintiff, by a formal order entered November 10, 1885, and that it was for the same cause of action as the present one.

The question in the case, upon these facts, is whether the statute of limitations had run against this action when it was commenced, on February 2, 1885. The section of the statute which applies to this action is How. Stat. § 8713, and is as follows:

" The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards; that is to say:    *    *    *    *    *    *    *
" 4. All actions of *assumpsit*, or upon the case, founded upon any contract or liability, express or implied.    *    *
" 6. All actions of replevin and trover, and all other actions for taking, detaining, or injuring goods or chattels."

Under this statute this action was clearly barred, unless, by reason of the defendant's absence from and residence out of the State since the action accrued, the running of the statute had been suspended. Section 8721, How. Stat., provides as follows:

"If, at the time when any cause of action mentioned in this chapter shall accrue against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into this State; and if, after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

The proof being undisputed that the defendant, at the time this action accrued, was absent from and resided out of the State, and there being no evidence that since su h action accrued the defendant had been within the State for a sufficient length of time for the statute to run in his favor, it is clear the plaintiff's action was not barred

in 1885, unless the commencement of his suit in 1869 has affected his rights.        Section 8721, above quoted, covers two classes of cases:

1. Those in which the defendant shall be out of the State at the time when the cause of action accrues.

2. Those in which, after the action shall accrue, the defendant shall be absent from and reside out of the State.

In either case the purpose of the statute is to secure to the plaintiff the same time, and only the same time, in which to commence his action against an absent or non-resident defendant, that he would have if the defendant were an actual resident of the State.        But the plaintiff's privilege under this section extends only to the commencement of his suit.        When his suit is once commenced, and due personal service of process has once been made upon the defendant in such suit, or he has appeared therein, the purpose of the statute has been accomplished. When the defendant came into the State in May, 1869, the statute commenced to run, and would have continued to run so long as he remained in the State but for the commencement of the plaintiff's suit.        The commencement of a suit suspends the running of the statute as well against a non-resident as a resident.        The running of the statute being thus suspended by the commencement of suit in 1869, there was no room for section 8721 to have any further effect.

The whereabouts of the defendant after personal service could not and did not affect the court's jurisdiction; neither could it affect the running or suspension of the statute of limitations.        The provision in the statute suspending its running during the time the person against whom a cause of action shall have accrued shall be absent from and reside out of the State was not intended and does not apply to persons over whom the courts of the

State shall have obtained jurisdiction in the particular cause of action. While the commencement of suit operates to suspend the running of the statute so long as the plaintiff prosecutes the suit so commenced, yet it will continue to run as against any other suit for the same cause of action, unless the plaintiff can continue to claim the benefit of section 8721 indefinitely. We think he can claim under it but once. As is well said by counsel for plaintiff, the question of whether the statute runs or not is governed wholly by the statute. That plaintiff's present action is barred by section 8713, unless it is saved by section 8721, is conceded. For the reasons already stated, we think the commencement of suit in 1869 for this same cause of action was an acceptance of the opportunity offered by the latter section, and that with such acceptance that provision of the statute spent its force.

We are not referred to any authorities bearing upon the exact point deemed by us decisive of this case. The question has not before been raised in this Court, and we do not find that it has been considered by the courts of other states where similar statutes are in force. We find ourselves unable to give to this statute any other construction than the one here indicated. Some of my brethren choose to put their reasons in different language, but we are all agreed that the plaintiff's action was barred.

The judgment must be reversed, with the costs of both courts to the defendant.

GRANT, J., concurred with CAHILL, J.

CHAMPLIN, C. J. I concur with my Brother CAHILL in the reversal of the judgment. It appears that the last suit is for the same cause of action for which the first suit was instituted. The statute prescribes that actions like those involved in this suit shall be commenced within

six years next after the cause of action shall accrue, and not afterwards. It then makes provisions for exceptional cases, which, so far as are material to this case, are mentioned in the opinion of my Brother CAHILL. I base my concurrence upon the following reasons:

The commencement of suit in which jurisdiction is obtained over the person of the defendant fulfills the purposes of the statute as to that cause of action by affording to the plaintiff his remedy. The court having obtained jurisdiction over the person of the defendant, he is considered as being present in the forum during the pendency of the suit for all purposes of the remedy, and consequently as to that cause of action the statute is operative and running all the time while the suit is pending. While such suit is pending no new suit can be commenced for the same cause of action, nor afterwards, if the limitation of time has elapsed during the pendency of the suit.

MORSE and LONG, JJ., concurred with CHAMPLIN, C. J.