PENINSULAR STATE BANK OF DETROIT *v.* LACROIX.

LIMITATION OF ACTIONS—DEBTOR'S ABSENCE FROM STATE PREVENTED RUNNING OF STATUTE.

> Where the maker of notes was out of the State when they became due, the statute of limitations is no defense to an action thereon begun within the statutory period after his return to the State, since under 3 Comp. Laws 1915, § 12327, the statute did not begin to run until his return.

Error to Wayne; Hart (Ray), J., presiding. Submitted April 10, 1929. (Docket No. 135, Calendar No. 34,260.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Assumpsit by Peninsular State Bank of Detroit, Michigan, against James E. Lacroix and another on three promissory notes. From judgment for plaintiff, defendant James E. Lacroix appeals. Affirmed.

*Donnelly, Hally, Donnelly & Munro,* for appellee.

*William Look* for appellant.

SHARPE, J. Action by the plaintiff against the defendant James E. Lacroix upon three promissory notes. The defense is the statute of limitations. The notes became due in May and June, 1919. The action was not begun until February, 1926. The defendant as a witness testified:

"I was absent continuously from the State of Michigan from April of 1919 until about the 4th of March, 1922."

Section 12327, 3 Comp. Laws 1915, reads as follows:

"If at the time when any cause of action shall accrue against any person, he shall be out of the

State, the action may be commenced within the time herein limited therefor, after such person shall come into this State; and if after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from this State, any and all periods of absence in excess of two months at one time, shall not be taken as any part of the time limited for the commencement of the action.''

The part of this section preceding the semicolon is complete in itself, and clearly states that, if the defendant is ''out of the State'' at the time the cause of action shall accrue, the statute shall not begin to run until he ''shall come into this State.'' The latter part of the section applies to absences of the defendant from the State after the cause of action shall have accrued, and provides that such absences, if ''in excess of two months at one time,'' shall be excluded in computing the time within which the action shall be begun.

Counsel for the defendant relies on *Sproat* v. *Hall*, 189 Mich. 28, to sustain his defense in this respect, In the statement of facts in that case, it was said that the cause of action ''accrued to plaintiff January 28, 1903.'' It was also said that ''from the year 1903 until 1910, except perhaps one or two years,'' the defendants ''were in Michigan, and in Grand Rapids each year.'' While certain statements in the opinion do not seem to limit the holding to a consideration of the latter part of the section, it seems clear that it was so intended. The record and briefs so indicate, as also do the cases cited and quoted from. See, also, *Gray* v. *Jones*, 80 Mich. 504, 509.

At the time the cause of action accrued, the defendant was ''out of the State,'' and the statute did not begin to run until his return in March, 1922.

The other questions presented need not be considered.

The judgment is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.