McLAUGHLIN *v.* ÆTNA LIFE INSURANCE CO.

1. DEATH—PRESUMPTION OF DEATH JUSTIFIED BY EVIDENCE.

In an action on a life insurance policy, where insured disappeared in 1904 and was not afterwards heard from, the finding of the probate court in 1915, under the statute (1 Comp. Laws 1915, § 329), that he was presumed to be dead, *held*, justified by the evidence.

2. LIMITATION OF ACTIONS—ABSENCE FROM STATE—SUSPENSION OF STATUTE.

The purpose of 3 Comp. Laws 1915, § 12327, providing that when any cause of action shall accrue against any person out of the State, the action may be commenced within the time limited therefor (3 Comp. Laws 1915, § 12323) after such person shall come into the State, is to secure to the plaintiff the same time in which to commence his action against an absent or nonresident defendant that he would have if the defendant were an actual resident of the State.

3. SAME—STATUTE BEGINS TO RUN SEVEN YEARS AFTER DISAPPEARANCE OF PERSON PRESUMED TO BE DEAD.

At the end of a seven-year period after the disappearance of insured, he was in law presumed to be dead, and a

On effect of presumption of death from absence upon the payment of life insurance premiums and the operation of the statute of limitations, see notes in L. R. A. 1915B, 729; L. R. A. 1918B, 93.

right of action on his life insurance policy then accrued, and the statute of limitations began to run unless suspended by the provisions of 3 Comp. Laws 1915, § 12327.

4. SAME — FOREIGN CORPORATIONS — STATUTE NOT PRESUMED TO RUN AGAINST FOREIGN CORPORATION IN ABSENCE OF PROOF OF DOMICILE.

That the declaration averred the disappearance of insured in 1904, and that under the statute he was presumed to be dead in 1911, would not *prima facie* show that a cause of action on the policy commenced in 1921 was barred by the statute of limitations, where in both the declaration and plea defendant was described as a foreign corporation, and there is no proof that defendant had complied with 2 Comp. Laws 1915, § 9280, rendering it capable of being sued in this State; there being no presumption that it was domiciled in this State previous to the time service was had.

5. APPEAL AND ERROR — DENIAL OF MOTION TO AMEND PLEA NOT REVIEWABLE.

Although the statute (3 Comp. Laws 1915, § 12478) permits amendments to pleadings "for the furtherance of justice" at any time before judgment rendered, the denial of a motion to amend the plea to give notice of a special defense, which in no way affected the merits of plaintiff's case, after the proofs were closed and after defendant's counsel had moved for a directed verdict in its favor, was within the discretion of the trial court and will not be reviewed on error.

6. SAME — WAIVER — ADMISSION OF EVIDENCE NOT CONSIDERED NOT REVERSIBLE ERROR.

Where the conclusion arrived at by the trial court in a case tried before the court without a jury and sustained by the Supreme Court is not based on the waiver of any rights by defendant, the admission of evidence as to waiver, even if erroneous, constitutes no ground for reversal.

Error to Mackinac; Shepherd (Frank), J. Submitted October 26, 1922. (Docket No. 66.) Decided December 29, 1922. Rehearing denied April 27, 1923.

Assumpsit by Mary McLaughlin against the Ætna

Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*McDonald & Kaltz,* for appellant.

*Prentiss M. Brown,* for appellee.

SHARPE, J. On July 7, 1900, the defendant company issued to Walter S. Fillius a policy of life insurance in the sum of $1,000, in which the plaintiff, his mother, was named as beneficiary. The insured was unmarried. His occupation was that of a sailor on the Great Lakes. His mother received a letter from him, dated July 5, 1904, written at Sault Ste. Marie and directed to her at her home in St. Ignace. After a time the plaintiff and her husband, who was a marine engineer, tried to locate him, but were unable to do so. It appeared that he had made two trips on the steamer Douglas Houghton after July 5th, but left that steamer about September 1st at Ashtabula, Ohio, and no trace of him was thereafter found. It appears from the correspondence that, pursuant to proceedings taken by the plaintiff, the probate court of Mackinac county on March 8, 1915, declared the insured to be legally dead. In July, 1920, the attention of the home office of defendant was called to the disappearance of the insured. Proofs indicated by the facts above stated were furnished. The company finally declined to pay the full amount of the policy, but, as a compromise, wrote that it was—

"willing to pay such an amount as would have been payable at the end of the endowment term if the assured were living; namely, $36.00,"

and $50 in addition thereto.

This action to recover was commenced on March 7, 1921. Trial was had before the court without a

221—Mich.—31.

jury. Findings of fact and conclusions of law were filed. To these defendant prepared certain amendments and filed exceptions. A judgment was entered for the face of the policy and interest from the commencement of suit, $1,041.66, which defendant here reviews by writ of error. We consider the assignments discussed by counsel.

1. Presumption of Death. Section 329, 1 Comp. Laws 1915, provides:

"If any person shall disappear and his whereabouts remain unknown for the space of seven years, and no knowledge of such person can be procured for such space of seven years, he shall be presumed to be dead." * * *

We have not assumed to set out in full the proof offered by plaintiff tending to show that the insured had disappeared and that his whereabouts remained unknown. In our opinion it fully justified the finding that he was presumed to be dead. 17 C. J. p. 1166; *John Hancock Mut. Life Ins. Co.* v. *Moore,* 34 Mich. 41; *Bailey* v. *Bailey,* 36 Mich. 181; *Samberg* v. *Knights of Maccabees,* 158 Mich. 568 (133 Am. St. Rep. 396); *Woolfitt* v. *Histed,* 208 Mich. 308; *Ferrand* v. *Reserve Ass'n,* 217 Mich. 441; 5 Joyce on Insurance (2d Ed.), § 3772.

2. Statute of Limitations. The plea gave notice of the defense of the statute of limitations. Under section 12323, 3 Comp. Laws 1915, an action on this policy must have been commenced—

"within six years next after the causes of action shall accrue, and not afterward, except as hereinafter provided."

Section 12327 provides:

"If at the time when any cause of action shall accrue against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into this State." * * *

The purpose of this section is to secure to the plaintiff the same time in which to commence his action against an absent or nonresident defendant that he would have if the defendant were an actual resident of the State. *Gray* v. *Jones,* 80 Mich. 504. Both absence and nonresidence where defendant is a nonresident are necessary to suspend the operation of the statute. *Campbell* v. *White,* 22 Mich. 178; *Belden* v. *Blackman,* 124 Mich. 667. At the end of the seven-year period after the disappearance of the insured, he was in law "presumed to be dead." Plaintiff's right to institute proceedings on the policy then accrued.

"A cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act, and in spite of the debtor, can make the demand payable." *Palmer* v. *Palmer,* 36 Mich. 487, 494 (24 Am. Rep. 605).

"It may well be held that the cause of action accrues to a plaintiff at the earliest time when he may, of his own volition, institute proceedings." *In re King's Estate,* 94 Mich. 411, 428.

The statute would therefore have commenced to run in 1911 and would be a bar, unless the cause of action is saved by the provision in section 12327.

Defendant claims that the declaration, which avers the disappearance of the insured in 1904, and the fact that under the statute he was presumed to be legally dead seven years thereafter, show *prima facie* that her cause of action is barred by the statute, and calls attention to the rule:

"Where it appears that the cause of action is *prima facie* barred, the burden of proof is upon the party seeking to enforce the cause of action to show facts taking his case out of the operation of the statute." 8 Encyclopedia of Evidence, p. 320.

This rule is supported by our own cases. *Ayres* v. *Hubbard,* 71 Mich. 594, and *Belden* v. *Blackman,*

*supra.* See, also, 25 Cyc. p. 1425. The .difficulty in here applying it is that we must conclude that the *prima facie* case made by plaintiff shows that the cause of action was barred. A copy of the summons by which the action was commenced does not appear in the record. The title to the cause as stated in both the declaration and plea describes the defendant as a foreign corporation. In the policy offered in evidence by plaintiff it is described as the "Ætna Life Insurance Company of Hartford, Connecticut." It thus appeared on the face of the proceedings that defendant was a foreign corporation at the time the contract was entered into and also at the time the action was commenced. To set the statute of limitations in motion, it must appear that defendant had complied with the statutory provision for service of process upon it in this State. 2 Comp. Laws 1915, § 9280; Act No. 256, Pub. Acts 1917, part 2, chapter 2, § 4 (Comp. Laws Supp. 1922, § 9100 [69]). It would then be considered, for the purpose of being sued, as domiciled within the State. 25 Cyc. p. 908. The record contains no proof that defendant had become domiciled by complying with these statutes. The fact that it issued this policy in 1900, coupled with the further fact that plaintiff was enabled to obtain service on it in 1921, in our opinion raises no presumption that it was domiciled in the State in 1911 or thereafter before 1921. The rule is thus stated in 14A C. J. p. 1402:

"To entitle a corporation to the benefit of the statute of limitations of a State other than that of its creation, it must *affirmatively appear* that it maintained an agent in such State upon whom service of process could have been made during the time necessary for the action to become barred. *No presumption will be indulged that the corporation has been at all times amenable to process so as to enable it to take advantage of the domestic statute of limitations.*"

It is supported by our own cases. *Conrad* v. *Nall,*

24 Mich. 275; *Campbell* v. *White, supra; Sproat* v. *Hall,* 189 Mich. 28. See, also, *Hubbard* v. *Mortgage Co.,* 14 Ill. App. 40; *Taylor* v. *Union Pacific R. Co.,* 123 Fed. 155; *Pierce* v. *Southern Pacific Co.,* 120 Cal. 156 (40 L. R. A. 350). The burden was on defendant to show that it was domiciled in this State. Plaintiff's claim was not barred on the proofs submitted.

3. Proofs of Loss. It is insisted that the neglect to submit proofs of death within a reasonable time after the insured was presumed to be dead bars recovery. The policy provides for payment in the event of the death of the insured, "on surrender of this policy * * * within sixty days after satisfactory proof of the death of the said insured." It contains no stipulation as to the time after death when such proof must be furnished.

Section 4 of Circuit Court Rule No. 23 provides:

"In a suit upon a policy of insurance, if the defendant shall rely, in whole or in part, upon any breach of any of the conditions, agreements, representations or warranties of the policy or application therefor, or upon the failure to perform or make good any promise, representation or warranty, or upon the failure to furnish any proof of loss, as required by the policy, there shall be added to the plea a notice plainly indicating the nature of the defense relied upon."

No notice of this defense was given. After the proofs were closed and after defendant's counsel had moved for a directed verdict in favor of their client, they asked the court for permission to amend the plea to give notice of this defense. The motion was denied, the court holding that—

"it does not appear to the court that the defendant has lost anything—lost any means of defense—or has suffered any other actual disability because of the delay; and I do not think that the amendment would be in furtherance of justice."

While error is assigned upon the denial of the motion

for leave to amend, counsel do not discuss it in their brief. Our statute of amendments (3 Comp. Laws 1915, § 12478) permits amendments to pleadings "for the furtherance of justice" at any time before judgment rendered. The defense sought to be interposed in no way affected the merits of plaintiff's claim. The denial of the motion was within the discretion of the trial court and will not be reviewed by this court. *Ripley* v. *Davis*, 15 Mich. 75 (90 Am. Dec. 262); *Shank* v. *Woodworth*, 111 Mich. 642.

4. Objections to Testimony. Objection was made to the introduction of certain letters claimed by plaintiff to establish a waiver. As the trial court did not base any conclusion of law, nor do we, on the waiver of any rights by the defendant, the admission of the letters, even if erroneous, constitutes no ground for reversal.

We have considered all the assignments discussed by counsel. No reversible error appearing, the judgment entered is affirmed.

WIEST, MCDONALD, CLARK, BIRD, and STEERE, JJ., concurred. FELLOWS, C. J., concurred in the result. MOORE, J., did not sit.