Gerald J. McMANAMAN, Plaintiff-Appellant,

v.

T. W. AND C. D. SHERIDAN COMPANY, a Foreign Corporation, Defendant-Appellee.

No. 15404.

United States Court of Appeals
Sixth Circuit.

Feb. 22, 1964.

Albert Best, Detroit, Mich., for appellant.

Altero J. Alteri, Detroit, Mich., for appellee; Feikens, Dice, Sweeney & Sullivan, Detroit, Mich., on brief.

Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.

PER CURIAM.

Plaintiff seeks by this action to recover damages in the amount of $200,000.00 for personal injuries suffered by him when his hand was crushed by the mechanism of a press which he was operating at the time as an employee of the American Asbestos Products Co. in its plant in Detroit, Michigan.

His complaint states that on or about February 9, 1935 the defendant, T. W. and C. D. Sheridan Company, pursuant to a contract with the Asbestos Company, did manufacture, sell and install the press at the plant of the Asbestos Company, that said press was negligently manufactured and installed by the defendant, and that said negligence caused the injuries complained of.

The action was filed in the United States District Court for the Eastern District of Michigan on September 7, 1962. The complaint alleges that the accident occurred on April 25, 1955, that the defendant is a foreign corporation, and that since April 25, 1955, it has been doing business in the state of Michigan, but has had no resident agent in Michigan upon whom service of process could be made and that the plaintiff has had no means available to him for service of process upon defendant since said date.

The defendant moved to dismiss the action on the ground that the claim was barred by the Michigan Statutes of Limitations, M.S.A. 27.605 (Comp.Laws Supp.1956, § 609.13), which requires that an action to recover damages for personal injuries be brought within three years from the time said action accrues.

The District Judge sustained the motion to dismiss. This appeal followed.

Plaintiff contends that his action is not barred by the statute of limitations because the defendant, which is a foreign corporation, has been doing business in Michigan since April 25, 1955, without authorization of the Michigan Secre-

tary of State, as required by the state statute, has failed to appoint a resident agent upon whom service of process could be made, as required by the state statute, that it has not been available for service of process in Michigan for any cumulative three-year period since April 25, 1955, and, accordingly, the statute of limitations has not run. McLaughlin v. Aetna Life Insurance Co., 221 Mich. 479, 484, 191 N.W. 224.

In the disposition of this question it is recognized by the parties that our inquiry is limited to the applicable Michigan statutes which were in effect prior to January 1, 1963, at which time the Michigan Revised Judicature Act (Pub. Acts 1961, No. 236) became effective, changing the statutory law thereafter applicable to such an issue.

█ In support of his contention that the defendant has not been available for service of process within the state, plaintiff points out that M.S.A. 27.762 (Comp. Laws 1948, § 613.32), which provides for service of process on a foreign corporation by service upon the Secretary of State, is by its terms limited to foreign corporations which have been admitted by the Secretary of State to do business in the state, and the defendant has never been so admitted. We agree with this contention.

Plaintiff also contends that M.S.A. 27.-759 (Comp.Laws 1948, § 613.29), which provides for service on the Secretary of State if a corporation shall fail to appoint and maintain a resident agent and file the required certificate of such appointment, applies only to domestic corporations. This statute provides in substance that process issued against "a corporation" may be served upon any officer, director, trustee or agent thereof, or by leaving same during regular office hours at the office of such corporation with any person in charge thereof: provided that when "any corporation" shall appoint a resident agent and file the required certificate of such appointment, such resident agent shall be an agent for the service of process: and provided

further, that if "any corporation" shall fail to appoint and maintain a resident agent and file the required certificate of such appointment, such process may be served on the Secretary of State. If this statute applies to foreign corporations, as contended by the defendant, the defendant has been available in the state for service of process at all times since the time of the accident. It is pointed out that the statute by its terms applies to "a corporation" and "any corporation," which includes both domestic and foreign corporations.

The plaintiff contends that the statute was construed by the Supreme Court of Michigan in Grand Trunk Railway Company v. Wayne Circuit Judge, 106 Mich. 248, 64 N.W. 17, as applying to domestic corporations only. This ruling, however, was in 1895, prior to subsequent amendments, which defendant contends makes the ruling no longer applicable.

The District Judge was of the opinion that the statute applied to both domestic and foreign corporations. Under our view of the present case, we find it unnecessary to rule on this issue.

The District Judge was also of the opinion that the defendant was available for service of process in Michigan for a period of more than three years subsequent to the accident and prior to the filing of this action under M.S.A. 27.761 (Comp.Laws 1948, § 613.31). We agree with this ruling.

M.S.A. 27.761 provides: "In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this state, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section. * * *"

On September 4, 1958, civil action No. 18370 was filed by James Pettaway against the defendant in the present action in the United States District Court for the Eastern District of Michigan, Southern Division. On December 15, 1958, a firm of Detroit lawyers filed its appearance for the defendant and moved

to dismiss the action. On July 3, 1962, there was filed in that action a stipulation and order for discontinuance with prejudice and without costs.

The same firm of Detroit lawyers also represented the same defendant in another action, No. 18591, filed by Myrtella Wheeler in the same court on November 24, 1958, in which appearance was filed together with a motion to dismiss on February 5, 1959. That action was also discontinued with prejudice and without costs on July 3, 1962.

█ We are of the opinion that the firm of Detroit lawyers who represented the defendant in those two cases was an "agent" of the defendant corporation for the service of process within the meaning of M.S.A. 27.761, and that such agency was in effect for more than three years prior to the filing of the present action on September 7, 1962. It follows that the action was barred by the Michigan three-year statute of limitations.

We recognize that James Pettaway also filed an action against the same defendant in the Circuit Court for Wayne County, Michigan, in which process was served upon one of the members of the Detroit firm of lawyers representing the defendant in action No. 18370 filed by Pettaway in the United States District Court. In that case the Detroit lawyer appeared specially for the defendant for the purpose of making a motion to dismiss on the ground that he was not an agent of the defendant for the service of process within the meaning of M.S.A. 27.761. That action was subsequently dismissed by the State Court Judge on the ground that another action was pending in the United States District Court for the Eastern District of Michigan between the same parties for the same cause. We do not think that counsel's contention in that case, which apparently was not sustained by the State Court Judge, is a bar to a ruling by this Court as a matter of law that the Detroit counsel was an agent for the service of process under M.S.A. 27.761.

The judgment is affirmed.