Glenda TOSTI, Plaintiff/Appellant,

v.

CITY OF LOS ANGELES,
Defendant/Appellee.

No. 84–5643.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1984.

Decided March 4, 1985.

Richard N. Grey, Barnett & Grey, Beverly Hills, Cal., for plaintiff/appellant.

Leslie E. Brown, Deputy City Atty., Los Angeles, Cal., for defendant/appellee.

Before GOODWIN, POOLE and BOO-CHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Glenda Tosti brought suit under 42 U.S.C. § 1983 (1976) against the City of Los Angeles, alleging that the City discriminated against her because of her sex by its failure to hire her as a policewoman. This appeal raises two questions. First, does the Supreme Court's decision in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), apply to alleged discriminatory acts that antedated the *Monell* decision. Second, was the applicable statute of limitations tolled by the pendency of a related class action. The district court refused to apply *Monell* retroactively. We believe that the Supreme Court's retroactive application of *Monell* in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), resolves the first issue, and that the statute of limitations was tolled under the rule of *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). We reverse and remand for trial.

FACTS

Glenda J. Tosti filed this action to challenge alleged discrimination by the City of Los Angeles (City) in violation of the fourteenth amendment and of 42 U.S.C. § 1983 (1982). Tosti claims that she was discriminated against in the failure and refusal of the City to hire her as a policewoman during a period when she was a qualified applicant for that position. She seeks damages and additionally seeks attorney's fees pursuant to 42 U.S.C. § 1988 (1982).

The parties stipulated that prior to July 1, 1973, the Los Angeles Police Department maintained separate job qualifications for male and female sworn personnel. Women were hired as policewomen, and men were hired as policemen. In 1973 the police department abandoned the separate categories and hired "police officers."

On September 14, 1968, Tosti applied for a position as a policewoman. Although she passed the Civil Service examination, she did not become a qualified applicant until September 23, 1970 because of some medical questions. She remained eligible from September 23 until December 5, 1970, when the Civil Service list expired.

During that period, no position openings for policewomen occurred, and no appointments were made from the Civil Service list. In 1970 Tosti applied for a position as radio telephone operator. She was hired for that position on July 5, 1972, and still occupied that position at the time of trial.

Tosti's civil rights action must be considered in reference to the class action in *Blake v. City of Los Angeles*, 435 F.Supp. 55, which was pending from 1973 until it was settled by a consent decree approved by the district court in 1981. *See generally Blake v. City of Los Angeles*, 595 F.2d 1367 (9th Cir.1979), *cert. denied*, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). The class in that case was certified on June 10, 1976 as follows:

> ... all women who are ... (b) All past applicants for sworn positions at the Los Angeles Police Department who applied within the applicable statute of limitations period, including, but not limited to, applicants for the position of "police officer" (or pre-1973 equivalent) ...

*Blake*, 595 F.2d at 1385 n. 19.

The class suit alleged violations of Title VII and 42 U.S.C. § 1983 as well as the fourteenth amendment. The basis of the suit was the plaintiffs' contention that the City maintained a discriminatory hiring practice with regard to hiring women as police officers. *See Blake*, 595 F.2d at 1370–72.

Tosti first received formal notification of the pendency of the class suit and her right to opt out in early 1981. In February of 1981 she opted out, and on May 12, 1981 she filed this lawsuit.

The district court held that because the City was immune from section 1983 liability at the time Tosti's cause of action arose,

it could not now be held liable despite the Supreme Court's decision in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), overruling the prior precedent that established that immunity. The district court held that it would be unfair to apply the *Monell* decision retroactively in a case that was delayed nine years by the pendency of a class action. Because the court found the retroactivity issue so compelling, it declined to rule on the statute of limitations question presented. It assumed for purposes of analysis that Tosti was a member of the *Blake* class and that the three year statute of limitations [1] was tolled during the pendency of the class suit. The City subsequently conceded, at oral argument before this court, that Tosti was a member of the class in *Blake*, entitled to receive notice and to opt out of the settlement in that case.

## DISCUSSION

### A. Retroactive Application of Monell

■ The City claims that it is immune from liability in a suit by Tosti because the alleged discriminatory acts occurred in 1970, eight years prior to the Supreme Court's recognition of a section 1983 cause of action against a municipality. In *Monell*, the Court overruled its earlier decision in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), in which the Court had held that a municipality is not a "person" within the meaning of section 1983.[2] However, we believe the Court's decision in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), requires retroactive application of *Monell* here. Owen brought a section 1983

---

1. Because 42 U.S.C. § 1983 itself does not provide a statute of limitations for civil rights actions brought under that section, the applicable limitations period is the three year statute of limitations provided in section 338(1) of the California Code of Civil Procedure. *Donovan v. Reinbold*, 433 F.2d 738, 741 (9th Cir.1970); *see also Clark v. Musick*, 623 F.2d 89, 92 (9th Cir. 1980) (per curiam) (analogous statute of limitations in Oregon).

2. Section 1983 provides in pertinent part:
   > Every person who, under color of any statute ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

suit based on actions by the City of Independence which occurred in 1972, six years before the *Monell* decision. The Court of Appeals for the Eighth Circuit, relying on *Monroe*, held, inter alia, that the City could not be liable under section 1983 because it was not a "person" within the meaning of that statute. *Owen*, 560 F.2d 925, 931 (8th Cir.1977). While a petition for certiorari was pending, the Supreme Court decided *Monell*. The Court then remanded *Owen* for further consideration in light of *Monell*. On remand the court of appeals held that the City was entitled to qualified immunity, although otherwise it could be held liable as a "person" under section 1983 for acts occurring prior to the *Monell* decision. *Owen*, 589 F.2d 335, 338 (8th Cir.1978). On the second appeal the Supreme Court, without specific discussion of retroactivity, applied *Monell* to Owen's section 1983 claim, focusing its opinion on the question whether *Monell*'s abrogation of absolute immunity precluded any form of limited immunity for local governments. It concluded that the City was not entitled to limited immunity. *Owen*, 445 U.S. at 635–38, 100 S.Ct. at 1407–09.

The Court's retroactive application of *Monell* in *Owen* requires a similar application here. Like the plaintiff in *Owen*, Tosti brought a section 1983 claim against a municipality, based on actions by the City which took place before the *Monell* decision. The only distinction between the two cases is that an appeal was pending in *Owen* when *Monell* was decided, while Tosti filed her suit after the *Monell* decision. We do not believe this distinction is relevant to the retroactivity question; the crucial point is that in *Owen*, as in this case, the acts underlying the cause of action occurred before *Monell*, and yet the Supreme Court applied *Monell*. Therefore, we hold that *Monell* applies retroactively, and that the City cannot claim immunity.

### B. Statute of Limitations

The Supreme Court has held that commencement of a class action tolls the applicable statute of limitations for all members of the class "until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983); *see also American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552–56, 94 S.Ct. 756, 765–68, 38 L.Ed.2d 713 (1974).

Although the facts in both *Crown, Cork & Seal* and *American Pipe* involved decertification of the underlying class action, whereas in this case certification was granted, the Supreme Court has made clear that such a distinction is not controlling. In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), the Court held that Fed.R.Civ.P. 23(c)(2) required individual notice to absent class members to allow each member to decide whether to "opt out" of the class and thereby preserve the right to pursue a separate lawsuit. *Id.* at 176, 94 S.Ct. at 2152. The plaintiff had argued that such notice would be useless and that no class members would pursue separate actions because the statute of limitations had long since run on the absent class members' claims. The Court rejected the argument on the ground that "commencement of a class action tolls the applicable statute of limitations as to all members of the class." *Id.* at 176 n. 13, 94 S.Ct. at 2152 n. 13, *citing American Pipe*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *see also Crown, Cork & Seal*, 462 U.S. at 351, 103 S.Ct. at 2396.

The statute begins running anew from the date of notice that certification has been denied. *See Crown, Cork & Seal*, 462 U.S. at 354, 103 S.Ct. at 2397. Similarly, when certification has been granted, the statute begins running anew from the date when the class member exercises the right to opt out because before this time, the class member is deemed to be actively prosecuting her rights. *See Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 608–10 (7th Cir.1980), *cert. denied*, 451 U.S. 976, 101 S.Ct. 2058, 68 L.Ed.2d 357 (1981); *Wood v. Combustion Engineering, Inc.*, 643 F.2d 339 (5th Cir. 1981).

■ Application of the tolling rule is not limited to those class members who can prove reliance upon the pendency of the class action. In *American Pipe*, the Supreme Court observed that the rationales supporting the class action device demand that the benefits to all class members, including the tolling of applicable statutes of limitation, be equal irrespective of whether a member demonstrably relied on institution of the class action:

> We think no different a standard should apply to those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed) and thus cannot claim that they refrained from bringing timely motions for individual intervention or joinder because of a belief that their interests would be represented in the class suit.

414 U.S. at 551, 94 S.Ct. at 765 (footnote omitted). And as the Court noted in *Crown, Cork & Seal*, a related class action gives defendants full notice "of the need to preserve evidence and witnesses respecting the claims of *all* the members of the class. Tolling the statute of limitations thus creates no potential for unfair surprise...." *Crown, Cork & Seal*, 462 U.S. at 353, 103 S.Ct. at 2397 (emphasis added). Indeed, a different rule would require onerous factual disputes about a particular individual's motive for not bringing her own lawsuit.

■ The City argues that because Tosti's claim of discrimination is different from that presented in *Blake*, the tolling rule should not apply to her. We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled. Such a rule would be illogical because one of the primary reasons a member will opt out of a class suit is that she has strong individual claims against the defendant that she be-lieves will not be redressed by the overall class settlement. Tosti's individual discrimination suit involved the same allegations that were made in the class suit of a City policy to discriminate against women in the police department during the years 1970 to 1973. The City had ample notice of the nature of Tosti's discrimination claims. It was thus alerted to make appropriate investigations. *Cf. Retail Clerks Union Local 648, AFL–CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030 (9th Cir.1983) (California equitable tolling).

Tosti opted out of the *Blake* class as soon as she received the formal notice of the pendency of that suit and her right to opt out.[3] She filed this action two months later. Tosti's cause of action arose on December 5, 1970, when the 1968 Civil Service list expired, and the statute of limitations was tolled on August 20, 1973 when the *Blake* action was filed, *see Blake*, 435 F.Supp. at 58. Hence, when the statute of limitations was tolled, Tosti had three and one-half months in which to file her lawsuit. The statute began to run anew on February 28, 1981, the day on which Tosti opted out of the class suit. She filed her lawsuit two and one-half months later on May 12, 1981, within the three and one-half month deadline. We therefore hold that her claim is not barred by the statute of limitations.

### C. Discrimination as a Matter of Law

■ Tosti argues that the facts found by the district court and set forth in its order constitute unlawful discrimination as a matter of law. We do not agree. There appear from the record to be unresolved questions of fact relevant to Tosti's claim. Tosti's claim for attorney's fees under section 1988 must also await the outcome of a new trial in the district court.

---

**3.** Notice of the pendency of the class action was not sent in 1976 when the class was first certified. It has been explained that the reason that notice was not sent until 1981 was because *Blake* was a class action litigated under Fed.R. Civ.P. 23(b)(2) which absent court order does not permit class members to opt out. It was not until 1981 during the settlement negotiations in *Blake* that the *Blake* court was convinced of the need for some class members to opt out. Notice was sent at that time.

For the reasons detailed above, we reverse and remand for a new trial.

REVERSED and REMANDED.