WARREN CONSOLIDATED SCHOOLS v W R GRACE & COMPANY
WARREN CONSOLIDATED SCHOOLS v BASIC, INC

Docket Nos. 128238, 132689. Submitted April 7, 1994, at Detroit. Decided June 7, 1994, at 9:35 A.M. Leave to appeal sought.

Warren Consolidated Schools brought an action in the Macomb Circuit Court against W. R. Grace & Company and other manufacturers or distributors of asbestos-containing building materials, alleging products liability and nuisance with respect to such materials in the plaintiff's buildings. The plaintiff also brought a similar action in the same court against Basic, Inc. After the actions were consolidated, the court, Michael D. Schwartz, J., granted summary disposition for the defendants, ruling the actions barred by the applicable three-year statute of limitations. The plaintiff appealed.

The Court of Appeals *held:*

1. Because the products liability claim appeared on its face to be barred by the statute of limitations under the discovery rule, the plaintiff bore, but failed to satisfy, the burden of proving that it had discovered its cause of action within three years of the filing of its actions.

2. The period of limitation was not tolled by the filing in federal district court of a class action by school districts around the country against asbestos manufacturers and distributors because the plaintiff opted out of the class.

3. Manufacturers, sellers, or installers of defective products may not be held liable under a nuisance theory for injuries caused by the defect.

Affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION.

Generally, a defendant has the burden of proving all the facts necessary to show that a period of limitation has expired; however, where the cause of action appears on its face to be time-barred, the burden of proof is upon the party seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations.

REFERENCES

Am Jur 2d, Limitation of Actions § 484.
See ALR Index under Limitation of Actions.

*Thrun, Maatsch & Nordberg, P.C.* (by *Philip A. Erickson*), for Warren Consolidated Schools.

*Fitzgerald, Cox & Hodgman* (by *William H. Horton* and *Tammy J. Reiss*), for National Gypsum Company.

*Hill Lewis* (by *Bradley A. Carl*), for Pfizer, Inc.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Bradley S. Mitseff* and *Kirt B. DeVries*), for United States Mineral Products.

*Dykema Gossett* (by *Robert J. Franzinger, Ted T. Amsden,* and *Ronald J. Torbert*), for United States Gypsum Company.

Before: CAVANAGH, P.J., and JANSEN and D. C. KOLENDA,* JJ.

PER CURIAM. This is an asbestos case. Plaintiff, Warren Consolidated Schools, appeals as of right from the trial court's orders granting summary disposition in favor of defendants based on the expiration of the applicable period of limitation. We affirm.

#### I. FACTS

On April 4, 1986, plaintiff filed this products liability action against numerous producers, manufacturers, and distributors of asbestos-containing building materials, seeking as damages the costs of administering its district-wide program of analysis, assessment, and abatement of such materials, which had been found in some of its school buildings.

The trial court granted defendants' motions for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summary disposition in two separate opinions and orders, from which plaintiff timely appealed. The appeals have been consolidated for our review.

## II. ISSUES

The principal issue on appeal is whether the trial court erred in granting the motions for summary disposition pursuant to MCR 2.116(C)(7) on the ground that the claim was barred by the statute of limitations. Plaintiff contends that the trial court erred in holding that plaintiff had the burden of proving when it discovered or should have discovered its cause of action and in finding that plaintiff failed to establish any genuine issue of material fact regarding when its cause of action accrued; plaintiff also claims that the period of limitation was tolled by the filing of a class action in federal court. Secondly, plaintiff challenges the trial court's dismissal of its nuisance claim.

Our resolution of the first two issues renders it unnecessary to consider plaintiff's remaining issue relating to its request to admit newly discovered evidence.

## III. STATUTE OF LIMITATIONS: DISCOVERY RULE

The parties do not dispute that the applicable limitation period in this case is three years, pursuant to MCL 600.5805(8) and (9); MSA 27A.5805(8) and (9). With respect to all defendants except Basic, Inc., the complaint was filed on April 4, 1986. A separate complaint against Basic, Inc., was filed on November 17, 1988.

According to the so-called discovery rule, a products liability claim accrues when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered that it has a possi-

ble cause of action. *Moll v Abbott Laboratories,* 444 Mich 1, 20-25; 506 NW2d 816 (1993) (rejecting the "likely cause of action" language previously used by this Court). The Court in *Moll* specifically declined to adopt a subjective test of causation. *Id.* at 16-20. A plaintiff need not be able to prove each element of the claim, nor may the claim be held in abeyance indefinitely until the plaintiff obtains professional assistance to determine the existence of the claim. *Detroit Bd of Ed v Celotex Corp (On Remand),* 196 Mich App 694, 706; 493 NW2d 513 (1992). Where the facts are undisputed, whether a plaintiff's action is barred by the statute of limitations is a question of law to be determined by the trial court. *Moll, supra* at 5-6.

### A. BURDEN OF PROOF

In general, the burden of proof rests on a defendant to establish all the facts necessary to show that the period of limitation has expired. *Tumey v Detroit,* 316 Mich 400, 410-411; 25 NW2d 571 (1947). However, where it appears that the cause of action is prima facie barred, the burden of proof is upon the party seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations. *McLaughlin v Aetna Life Ins Co,* 221 Mich 479, 483; 191 NW 224 (1922); *Zenith Industrial Corp v Dep't of Treasury,* 130 Mich App 464, 468; 343 NW2d 495 (1983).

In the present case, we agree with the trial court's analysis that plaintiff's claim appeared on its face to be time-barred, because it arose when the asbestos products were originally installed. Thus, the burden shifted to plaintiff to show that application of the discovery rule would effectively toll the period of limitation. *McLaughlin, supra;*

*Zenith, supra.* We note that this conclusion is in accord with the reported decisions of other jurisdictions. See, e.g., *Van Buskirk v Carey Canadian Mines, Ltd,* 760 F2d 481, 487 (CA 3, 1985); *Olson v A H Robins Co, Inc,* 696 P2d 1294, 1297 (Wyo, 1985); *April Enterprises, Inc v KTTV,* 147 Cal App 3d 805, 832; 195 Cal Rptr 421 (1983); *Bickell v Stein,* 291 Pa Super 145, 150; 435 A2d 610 (1981).

### B. ACCRUAL OF CLAIM

In the present case, the trial court held as follows:

> [Plaintiff's own] documentation presents overwhelming evidence that plaintiff should have known or must have known it would have to spend money to abate an asbestos problem some time in the late 1970's or 1980's. Although plaintiff claims that it never knew it had asbestos in any building prior to receiving its consultant's report in the summer of 1983, plaintiff would have known several years earlier had it heeded repeated warnings from the Michigan Department of Public Health to inspect its buildings for friable asbestos. Plaintiff cannot rely upon improperly conducted building inspections and the assurances therefrom to push back its discovery and accrual dates several years. . . . Without belaboring the point, the Court notes that plaintiff received direct warning of the cancer and other risks associated with airborne asbestos from 1977 on. Additionally, developments throughout the 1970's with regard to federal asbestos statutes and regulations put out similar notice to anyone charged with maintenance and construction of public buildings. Plaintiff's own brief details the tightening asbestos noose prior to 1980. Thus, although the Court cannot pinpoint the exact date when plaintiff should have discovered its need to abate an asbestos hazard, the Court agrees with defendants that the need should have been discovered prior to April 4, 1983.

In light of the undisputed facts, plaintiff's claim accrued at least three years before suit was filed, because, had it exercised reasonable diligence, it should have discovered by that time that it had a possible cause of action. *Moll, supra* at 5; cf. *Detroit Bd of Ed, supra* at 707.[1]

### C. TOLLING OF THE PERIOD OF LIMITATION BY FEDERAL CLASS ACTION

Plaintiff argues that the period of limitation was tolled by the filing on January 17, 1983, in the United States District Court for the Eastern District of Pennsylvania of a class action on behalf of school districts throughout the nation against asbestos manufacturers and distributors. Plaintiff opted out of the federal action before the class was finally certified.

Where class certification is later denied, the commencement of a class action suspends the applicable period of limitation with respect to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. *Crown, Cork & Seal Co v Parker,* 462 US 345, 353; 103 S Ct 2392; 76 L Ed 2d 628 (1983); *American Pipe & Construction Co v Utah,* 414 US 538, 554; 94 S Ct 756; 38 L Ed 2d 713 (1974); *Lee v Grand Rapids Bd of Ed,* 148 Mich App 364, 369; 384 NW2d 165 (1986). To hold otherwise would frustrate the function of a class action, which is to avoid multiplicity of activity. *American Pipe, supra* at 551.

Plaintiff has failed to persuade us that the

---

[1] Plaintiff asserts that each separate asbestos-containing product in each of its buildings gave rise to a separate injury and a separate cause of action, and that the statute of limitations should have been applied on a building-by-building, product-by-product basis. We disagree. Those injuries were not independent ones that would warrant departure from the general rule that subsequent damages do not give rise to a new cause of action. *Moll, supra* at 18-19.

*American Pipe* rule should be extended to the situation where, as here, the class is certified and the plaintiff elects to pursue its own case. See *Wachovia Bank & Trust v Nat'l Student Marketing Corp,* 209 US App DC 9, 13, n 7; 650 F2d 342 (1980); *Pulley v Burlington Northern, Inc,* 568 F Supp 1177, 1180 (D Minn, 1983). Under the circumstances, the plaintiff would not have been a party had the suit been permitted to continue as a class action. *Crown, Cork & Seal, supra; American Pipe, supra.* We agree with the trial court that there is no public policy reason to allow a plaintiff to enjoy the tolling benefit of a class action in which it chose not to join, and to file an otherwise stale cause of action. Hence, the filing of the class action did not toll the period of limitation in the present case.

### D. CONCLUSION

We conclude that the trial court properly granted summary disposition to defendants on the ground that the period of limitation had expired without being tolled by the filing of the class action.

### II. NUISANCE CLAIM

Plaintiff next claims that the trial court erred in dismissing its nuisance cause of action. We disagree. This Court and others have previously rejected nuisance as a theory of recovery for asbestos contamination. *Detroit Bd of Ed, supra* at 709, citing cases. Manufacturers, sellers, or installers of defective products may not be held liable under a nuisance theory for injuries caused by the defect. *Id.* at 710.

Affirmed.