IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT and KATALIN RADER, as individuals and as trustees for The
Rader Family Trust dated September 6, 2002; DELBERT and HEATHER
LEWIS, as individuals and as trustees for The Delbert R. Lewis Jr. Family
Trust U/T/A dated December 31, 1997; JANE BARTELME, as an
individual; KAREN E. LAMB, as an individual and a trustee for The
Karen E. Lamb Living Trust dated February 26,2007; MARK LOBERG, as
an individual; DAVID STANTON, as an individual and a trustee for The
David Brian Stanton Revocable Trust dated August 25, 2004; LOUIS and
THELMA VAZQUEZ, as individuals; WALTER J. CLARKE, as an
individual; DONALD FRUCHTMAN, as an individual; TOM and
NANCY LUTZ, as individuals; SUSAN THARP and MICHAEL
NORMAN, as individuals and as trustees for The Norman Tharp Family
Trust #3 dated July 19, 2002; JAN STERLING, as an individual and a
trustee for The Jan M. Sterling Living Trust dated January 4, 1995; DAVID
and HANNA FURST, as individuals and as trustees for the DHF
Corporation Retirement Trust and the Furst Family Trust,
*Plaintiffs/Appellants*,

*v.*

GREENBERG TRAURIG, LLP, a New York limited liability partnership,
*Defendant/Appellee*.

No. 1 CA-CV 14-0299
FILED 6-23-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-013308
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Johnson & Weaver, LLP, San Diego
By Brett M. Weaver, Frank J. Johnson
*Co-Counsel for Plaintiffs/Appellants*

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules
*Co-Counsel for Plaintiffs/Appellants*

Williams & Connolly LLP, Washington DC
By Kevin M. Downey, Kenneth C. Smurzynski, Colette T. Connor
*Co-Counsel for Defendant/Appellee*

Galbut & Galbut, P.C., Phoenix
By Martin R. Galbut, Michaile J. Berg
*Co-Counsel for Defendant/Appellee*

---

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 Appellants challenge the superior court's dismissal of their claims against Greenberg Traurig, LLP as time-barred, asking this court to adopt cross-jurisdictional tolling. Because Appellants have not shown the superior court erred in granting Appellees' motion to dismiss, the dismissal is affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2 Mortgages Ltd., a now-bankrupt Arizona real estate investment company, solicited investors using private offering memoranda. In 2006, Mortgages Ltd. retained the law firm Greenberg

---

[1] In reviewing the grant of a motion to dismiss for failure to state a claim, this court assumes the truth of all well-pleaded facts alleged in the complaint. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998).

2

Traurig to review and draft offering memoranda. Appellants claim they relied on these offering memoranda to invest in securities offered by Mortgages Ltd. between March 2006 and June 2008.

¶3        Scott M. Coles managed Mortgages Ltd. from 1997 until his suicide on June 2, 2008. Appellants allege that, "[b]y 2005, Mortgages Ltd. stood at the brink of bankruptcy" and, after issuance of an audit report for 2007, "Mortgages Ltd. was forced into bankruptcy" on June 20, 2008. On April 30, 2009, Appellants filed an action against the estate of Scott Coles in Maricopa County Superior Court. In December 2009, most Appellants entered into a written agreement with Greenberg Traurig tolling the application of "any statutes of limitations and/or any statutes of repose" against Greenberg Traurig from December 15, 2009 to December 15, 2010. This tolling agreement was not extended.

¶4        On May 11, 2010, Mortgages Ltd. investors filed a putative class action against Greenberg Traurig and others in the United States District Court for the District of Arizona, captioned *Facciola v. Greenberg Traurig LLP*, No. 10-CV-1025 (the *Facciola* Action). In March 2012, the putative class in the *Facciola* Action was certified and Appellants were class members. After discovery and motion practice, the court in the *Facciola* Action preliminarily approved a settlement reached with Greenberg Traurig. Appellants later filed a notice of intent to opt out of that settlement. On August 31, 2012, the same day the court in the *Facciola* Action "confirmed that [Appellants] had properly excluded themselves from" the class and the settlement with Greenberg Traurig, Appellants filed this action.

¶5        Appellants' complaint in this action asserted five claims against Greenberg Traurig: (1) primary statutory liability under Arizona Revised Statutes (A.R.S.) section 44-2003(A) (2015);[2] (2) aiding and abetting "common law securities fraud;" (3) aiding and abetting breach of fiduciary duty; (4) intentional misrepresentation and (5) negligent misrepresentation and nondisclosure. Greenberg Traurig moved to dismiss, arguing Appellants' claims: (1) generally were subject to a two-year limitations period (with the intentional misrepresentation claim subject to a three-year limitations period); (2) accrued on Mortgage Ltd.'s June 20, 2008 bankruptcy; and (3) were time-barred, given this case was not filed until August 31, 2012. Appellants argued the limitations period was "tolled

_____

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

during the entire time that they were members of the *Facciola*" Action (from May 11, 2010 until August 31, 2012), making their claims timely. After briefing and oral argument, the superior court rejected Appellants' tolling arguments and granted Greenberg Traurig's motion to dismiss, finding Appellants' claims were time-barred.

¶6        This court has jurisdiction over Appellants' timely appeal from the resulting judgment pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

¶7        The sole issue on appeal is whether Arizona should adopt cross-jurisdictional tolling, whereby the filing of a class action in one jurisdiction tolls the limitations period for claims by class members in a different jurisdiction during the pendency of the class action. If cross-jurisdictional tolling does not apply, Appellants do not dispute that their claims are time-barred. Because this involves a purely legal issue, this court's review is de novo. *US W. Commc'ns, Inc. v. Ariz. Corp. Comm'n*, 201 Ariz. 242, 244 ¶ 7, 34 P.3d 351, 353 (2001); *see also Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, 241 ¶ 1, 16 P.3d 801, 802 (App. 2000) (applying de novo review to grant of motion to dismiss claims as time-barred). To claim the benefit of tolling of a limitations period, "the burden is on the plaintiff to show the statute should be tolled." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 155, 871 P.2d 698, 702 (App. 1993) (citation omitted).

## I.    Intra-Jurisdictional And Cross-Jurisdictional Tolling.

¶8        Intra-jurisdictional tolling, whereby the filing of a class action may toll the limitations period for claims by class members in the same jurisdiction during the pendency of the class action, was first recognized in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). *See generally* David Bober, Comment, *Cross-Jurisdictional Tolling: When and Whether a State Court Should Toll Its Statute of Limitations Based on the Filing of a Class Action in Another Jurisdiction*, 32 Seton Hall L. Rev. 617 (2002). In *American Pipe*, the State of Utah filed a timely putative class action alleging civil antitrust violations. 414 U.S. at 541–42. Several months later, the district court ruled the case could not proceed as a class action under Federal Rule of Civil Procedure 23 because the putative class was not "'so numerous that joinder of all members was impracticable.'" *Id.* at 543 (citation omitted). Days later, purported members of the putative class moved to intervene as plaintiffs.

*Id.* at 543–44. The district court, however, denied intervention, finding any claims by the putative interveners were time-barred. *Id.* at 544.

¶9          On those facts, the United States Supreme Court recognized what has become known as intra-jurisdictional tolling.

> We hold that in this posture, at least where class action status has been denied solely because of failure to demonstrate that "the class is so numerous that joinder of all members is impracticable," the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status.

*Id.* at 552–53. *American Pipe* added that failing to recognize this type of tolling during the pendency of a putative class action where class certification was denied based on a lack of numerosity would create mischief and unnecessary litigation and "deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure." *Id.* at 553–54.

> Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable. In cases such as this one, where the determination to disallow the class action was made upon considerations that may vary with such subtle factors as experience with prior similar litigation or the current status of a court's docket, a rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions.

*Id.* Thus, *American Pipe* found "the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. *American Pipe* also noted that tolling was "in no way inconsistent with the functional operation of a statute of

limitations" because the putative class action would put a defendant on notice even if class certification ultimately was denied. *Id.* at 554–55.

¶10　　　　The United States Supreme Court later held that *American Pipe* tolling also applied to putative class members who, after the denial of class certification, timely filed a separate suit in the same court where the putative class action had been pending (sometimes called intra-jurisdictional tolling). *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id.* at 354.

¶11　　　　Although binding precedent in federal court, state courts have taken different positions when addressing *American Pipe* tolling, with the following results:

> If the applicable tolling rule is that the jurisdiction does not recognize *American Pipe* tolling, the individual will not be able to take advantage of tolling and will be bound by the statute of limitations clock itself. If the applicable rule permits only intra-jurisdictional *American Pipe* tolling, the individual will be able to take advantage of tolling law if her new case is lodged in the same jurisdiction as that in which the class suit was filed. If the applicable rule encompasses cross-jurisdictional *American Pipe* tolling, the individual will be able to take advantage of tolling law no matter where the initial class suit was filed.

William B. Rubenstein, Newberg on Class Actions § 9:67 (5th ed. 2014). Appellants ask this court to adopt cross-jurisdictional tolling, which they concede Arizona has never done.

## II.　　Arizona Case Law Discussing *American Pipe* Tolling.

¶12　　　　Three Arizona appellate court decisions have considered *American Pipe* tolling. *Hall v. Romero* did not adopt *American Pipe* tolling because the defendant in the putative class action was not the same defendant as was named in the individual class members' suits. 141 Ariz. 120, 126, 685 P.2d 757, 763 (App. 1984).

¶13        In *Hosogai v. Kadota*, the Arizona Supreme Court found equitable tolling was appropriate during the pendency of a wrongful death suit resulting in a jury verdict that was vacated on appeal for lack of proper service of process and then refiled in the same court. 145 Ariz. 227, 229, 700 P.2d 1327, 1329 (1985). In that context, and recognizing that the court was construing a statutory limitations period adopted by the Legislature, *Hosogai* noted that "Arizona does not have a general savings statute for civil actions." *Id.* at 230, 700 P.2d at 1330. *Hosogai* then rejected a "presumption that mere silence on a particular subject necessarily indicates legislative disapproval in all cases," adding that it found no bill had been presented to the Legislature "for a general civil savings statute" or any legislative "disapproval of savings statutes generally or the equitable tolling doctrine in particular." *Id.* at 230–31, 700 P.2d at 1330–31. *Hosogai* added that "[a] court has a legitimate interest in the procedural rules that govern lawsuits, especially to prevent such rules from becoming a shield for serious inequity. Accordingly, a court may under certain circumstances make narrow equitable exceptions to statutes of limitations." *Id.* at 231, 700 P.2d at 1331 (citations omitted).

¶14        In concluding such a narrow equitable exception was appropriate in that context, *Hosogai* cited *American Pipe* for the proposition that courts have "applied the doctrine of equitable tolling to successive identical actions arising within the same court system," noting "[t]here is no general savings statute in federal civil actions." *Id.* at 231, 233, 700 P.2d at 1331, 1333. *Hosogai*, however, had no need to consider or adopt *American Pipe* tolling. *Hosogai* did, however, evidence caution by the Arizona Supreme Court against broadly adopting tolling concepts in construing statutory limitations periods. *Hosogai* noted that the "narrow equitable exception to the statute of limitations" on the distinguishable facts of that case "is far from the equivalent of a savings statute." *Id.* at 234, 700 P.2d at 1334. And recognizing that equitable tolling, in substance, involves construing statutory limitations periods, *Hosogai* concluded that "[a]s overseers of the judicial system in this state, we call upon the legislature to pass a general savings statute in civil actions." *Id.*

¶15        In response to the call in *Hosogai*, the Legislature enacted a general civil savings statute in 1986, currently codified at A.R.S. § 12-504. *See Jepson v. New*, 164 Ariz. 265, 271, 792 P.2d 728, 734 (1990). The key provision of that statute currently provides:

> If an action is commenced within the time
> limited for the action, and the action is
> terminated in any manner other than by

> abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

A.R.S. § 12-504(A). Appellants voluntarily sought exclusion from the class in the *Facciola* Action and do not argue that A.R.S. § 12-504 would apply to their claims.[3] The enactment of A.R.S. § 12-504 supersedes at least some of the force of *Hosogai*, although as discussed below, its reasoning is still instructive. *See Jepson*, 164 Ariz. at 270–71, 792 P.2d at 733–34.

¶16 The third Arizona appellate court decision considering *American Pipe* tolling is *Albano v. Shea Homes Ltd. P'ship*, 227 Ariz. 121, 254 P.3d 360 (2011). In *Albano*, the Arizona Supreme Court addressed certified questions from the Ninth Circuit Court of Appeals, holding "that *American Pipe* tolling does not apply to the statute of repose in [A.R.S.] § 12-552." *Id.* at 128 ¶ 34, 254 P.3d at 367. In doing so, *Albano* noted that the Arizona Supreme Court "has never determined whether *American Pipe* and its progeny apply to class actions" and stated that *American Pipe* "aptly stated that its 'judicial tolling of the statute of limitations' was simply a matter of 'recognizing *judicial power*' to do so in federal courts." *Id.* at 124 ¶ 11, 127 ¶ 25, 254 P.3d at 363, 366 (citation omitted). To resolve the certified questions, *Albano* "assume[d] without deciding that the filing of a class action in Arizona tolls the applicable statute of limitations for non-named class members until class certification is denied." *Id.* at 124 ¶ 11, 125 ¶ 17, 254

---

[3] At oral argument before this court, both Appellants and Greenberg Traurig argued A.R.S. § 12-504(A) would not apply to Appellants' claims, an issue this court need not address. Similarly, there is no contention that other statutory tolling provisions would apply to Appellants' claims. *See, e.g.*, A.R.S. § 12-501 (tolling for absence from state); A.R.S. § 12-502 (tolling for minority and insanity).

P.3d at 363, 364. Accordingly, *Albano* did not address or resolve the issue presented here.

### III.   Appellants Have Not Shown That Arizona Should Adopt Cross-Jurisdictional Tolling.

¶17     Contrary to Appellants' argument, *Albano* did not adopt intra-jurisdictional tolling in Arizona. Indeed, *Albano* expressly stated that it "need not answer" whether to do so because the certified questions addressed a statute of repose, not a statute of limitations. *Id.* at 125 ¶ 17, 254 P.3d at 364. Moreover, even if *Albano* could be construed as adopting intra-jurisdictional tolling, it would not apply to Appellants' state court claims here, given the *Facciola* Action is a *federal* case, which the court *certified* as a class action. *See Albano,* 227 Ariz. at 123 ¶ 2, 254 P.3d at 362 (assuming, without deciding, that limitations period was tolled "until an order *denying* class certification is entered") (emphasis added); *id.* at 125 ¶ 17, 254 P.3d at 364 (same); *see also* William B. Rubenstein, Newberg on Class Actions § 9:67 (5th ed. 2014) (discussing distinction between intra-jurisdictional and cross-jurisdictional tolling).

¶18     As *Albano* noted, however, whether class certification is granted may be an important consideration in addressing subsequent tolling requests. Other courts have been reluctant to extend *American Pipe* tolling where class certification was granted. *See, e.g., Warren Consol. Sch. v. W.R. Grace & Co.,* 518 N.W.2d 508, 511 (Mich. Ct. App. 1994) ("Plaintiff has failed to persuade us that the *American Pipe* rule should be extended to the situation where, as here, the class is certified and the plaintiff elects to pursue its own case.") (citations omitted). Tellingly, none of the state court cases Appellants cite adopted cross-jurisdictional tolling when class certification was granted and class members elected to opt out to press their own individual claims. *See Dow Chem. Corp. v. Blanco,* 67 A.3d 392 (Del. 2013); *Stevens v. Novartis Pharm. Corp.,* 247 P.3d 244 (Mont. 2010); *Vaccariello v. Smith & Nephew Richards, Inc.,* 763 N.E.2d 160 (Ohio 2002); *Staub v. Eastman Kodak Co.,* 726 A.2d 955 (N.J. Super. Ct. App. Div. 1999); *Lee v. Grand Rapids Bd. of Educ.,* 384 N.W.2d 165 (Mich. Ct. App. 1986). Here, Appellants opted out of the *Facciola* Action after the case was certified as a class action and, in fact, after the court preliminarily approved the class settlement after a fairness hearing. The facts of this case are therefore distinguishable from the state cases relied upon by Appellants.

¶19     Federal cases have, at times, refused to apply *American Pipe* tolling where, as here, class certification was granted. *Compare Wachovia Bank & Trust Co., N.A. v. Nat'l Student Mktg. Corp.,* 650 F.2d 342, 346 n.7 (D.C.

Cir. 1980) (holding appellants could not claim *American Pipe* tolling where "certification of the class was granted, not denied") *with Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (applying *American Pipe* tolling where class was certified). Recognizing the interests of class members are protected by class certification, one commentator has noted such an approach "will encourage class members to seek vindication through the class action suit" and a contrary approach "would sanction duplicative suits." Note, *Statutes of Limitations and Opting Out of Class Actions*, 81 Mich. L. Rev. 399, 429–30 (1982). Because the class in the *Facciola* Action was certified, this approach would not toll the limitations period for Appellants' claims here.

**¶20**        Appellants cite federal cases applying *American Pipe* tolling after a class action was certified. *See, e.g.*, *Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999); *Adams Pub. Sch. Dist. v. Asbestos Corp.*, 7 F.3d 717, 718 n.1 (8th Cir. 1993); *Tosti*, 754 F.2d at 1488; *Edwards v. Boeing Vertol Co.*, 717 F.2d 761, 766 (3d Cir. 1983), *judgment vacated on other grounds and remanded*, 468 U.S. 1201 (1984). Those cases, however, are distinguishable; unlike Arizona after the enactment of A.R.S. § 12-504, "[t]here is no general savings statute in federal civil actions." *Hosogai*, 145 Ariz. at 231, 700 P.2d at 1331. Even the diversity case Appellants cite that applied *American Pipe* tolling after certification of a class action did so noting that, although current state law did not provide for tolling, a new statute provided "clear evidence of the North Dakota legislature's intent" that plaintiff's claims were not barred by the statute of limitations. *Asbestos Corp.*, 7 F.3d at 719.

**¶21**        Regardless of whether *American Pipe* tolling is limited to cases filed following the denial of class certification, the lack of a general savings statute in the federal system is important in deciding whether to adopt cross-jurisdictional tolling by case law in Arizona. Because there is no general federal savings statute, the legislative void resulting in *American Pipe* remains in the federal system, while in Arizona, the Legislature filled that void by enacting A.R.S. § 12-504. Appellants do not argue that the Legislature failed to account for cross-jurisdictional tolling when enacting A.R.S. § 12-504. Indeed, Arizona's saving statute applies to an action timely filed in another jurisdiction and later refiled in Arizona. *See Templer v. Zele*, 166 Ariz. 390, 391, 803 P.2d 111, 112 (App. 1990). Thus, by enacting this general Arizona savings statute, the Legislature adopted a form of cross-jurisdictional tolling, just not in the form Appellants claim should apply to their claims here. Given this history leading up to the enactment of A.R.S. § 12-504, and the scope of that statute, Appellants have not shown that Arizona nonetheless should adopt broader cross-jurisdictional tolling by case law.

¶22 Appellants cite several legitimate reasons supporting intra-jurisdictional and cross-jurisdictional tolling, including resolution of disputes on the merits and a lack of prejudice to defendants. Had the Legislature not enacted the general Arizona savings statute in A.R.S. § 12-504 following the call by *Hosogai*, those arguments would have greater weight. But the Legislature did enact A.R.S. § 12-504. As a result, Appellants effectively are asking this court to adopt a doctrine broader than what the Legislature adopted in a statute enacted in response to a call by the Arizona Supreme Court. This court declines to do so. *Cf. State ex rel. Morrison v. Anway*, 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960) ("[C]ourts cannot read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself.").

¶23 Although addressing a different type of tolling, *Albano* noted that, pertinent to its analysis in "determining whether to apply class action tolling, '[t]he proper test is . . . whether tolling the limitation in a given context is consonant with the legislative scheme.'" 227 Ariz. at 127 ¶ 22, 254 P.3d at 366 (citation omitted). There is no suggestion here that recognizing cross-jurisdictional tolling for claims that may not fall within the protection of A.R.S. § 12-504 is consonant with Arizona's legislative scheme. This is particularly true given that the Legislature's limitations periods and savings statute involve "very delicate policy decisions that properly belong to the legislative branch of government." *Florez v. Sargeant*, 185 Ariz. 521, 528–29, 917 P.2d 250, 257–58 (1996); *see also Albano*, 227 Ariz. at 127–28 ¶ 29, 254 P.3d at 366–67 (declining tolling when it conflicts with statute of repose; "[i]f the Legislature wishes to permit class action tolling under [A.R.S.] § 12-552, it may of course amend the statute to so provide"). Given these legislative balances, Appellants have not shown that Arizona should adopt cross-jurisdictional tolling by case law. Accordingly, the superior court properly dismissed Appellants' claims as time-barred. *See* A.R.S. § 12-542; A.R.S. §§ 44-2004(B), -3241(B).

## CONCLUSION

¶24 The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama