Lewis CARD, Plaintiff—Appellant,

v.

Brack DUKER; Columbia Falls Aluminum Company, LLC; Montana Aluminum Investors Corp., a foreign corporation, Defendants—Appellees.

No. 03–35655.
D.C. No. CV–99–00074–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Feb. 10, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

### MEMORANDUM *

Plaintiff Lewis Card sued defendants Brack Duker, Columbia Falls Aluminum Co. (CFAC), and Montana Aluminum Investors Corp. (MAIC), alleging a violation of the Racketeer Influenced and Corrupt Organizations laws (RICO), failure to pay wages, fraud, and breach of contract. Card claims that he was entitled to profit-sharing under his employment contracts. The district court held that Card's lawsuit

was barred by the four-year limitations period, *Rotella v. Wood,* 528 U.S. 549, 552, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000), and that it was not tolled by a class action brought by other employees.

A group of CFAC's employees commenced class litigation over the profit-sharing plan in 1992. In 1994, the district court certified a class of all "present and former employees of CFAC since the fall of 1985, who are not subject to a collective bargaining agreement of any collective bargaining union at CFAC." Card testified that he did not know whether he was considered a member of the class or not. He said he did not make an election either way, and that none of the managers were sure where they stood. The class litigation alleged numerous claims, including a violation of the Employment Retirement Income Security Act (ERISA), breach of contract, fraud, and breach of the covenant of good faith and fair dealing. Card's only participation in the litigation was on behalf of CFAC, and he did not pursue his own rights as a class member or bring individual claims against Duker. Card was, however, intimately aware of the class litigation and attended meetings on behalf of CFAC concerning that litigation.

Card was excluded from the class action settlement at the request of class counsel. Shortly thereafter, Card asked CFAC for the share of profits to which he was entitled under his employment contracts. In 1999, after realizing that he would not receive any additional money from Duker, he filed this lawsuit alleging RICO, fraud, and breach of contract claims.

The limitations period for a civil RICO claim is four years. *Rotella,* 528 U.S. at 552. Card argues, however, that the limitations period should be tolled by the rule

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

In *American Pipe*, a class action was filed just before the statute of limitations expired, and then the trial court declined to certify the class. Eight days later, class members sought to intervene in the same action in order to assert the same claims as the class would have asserted. *Id.* at 543–44. The Supreme Court tolled the statute of limitations, holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. The Court stated that the purpose behind the statute of limitations is to protect the defendants from a plaintiff who has "slept on his rights," and the class litigation in that case had notified the defendant both of the substantive claims against him and the identity of claimants. *Id.* at 554–55.

The Court has noted that the identity of claims was central to its holding in *American Pipe*. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 467, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). "[P]erhaps most importantly, the tolling effect given to the timely prior filings in *American Pipe* and in *Burnett* depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted." *Id.* at 467. The Supreme Court has thus not extended tolling due to class litigation beyond *American Pipe*'s narrow allowance for identical causes of action brought where the class was decertified.

This court in *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1487 (9th Cir.1985), apparently expanded *American Pipe* to

apply where the class was not decertified but the plaintiff opted out. In this case, however, Card's RICO claim is based on his own personal contracts with CFAC, not directly on the employee profit-sharing plan. Moreover, the class action asserted a violation of ERISA and entitlement to a constructive trust under state law, not RICO. Card knew of the class litigation from its inception and took no steps to ascertain his rights. Because he now has asserted different legal claims, and he neglected to determine his status with regard to the class action, he is accurately described as a plaintiff who has "slept on his rights." *American Pipe*'s narrow holding does not require tolling under these circumstances.

AFFIRMED.