SUPREME COURT OF ARIZONA
                           En Banc

ALFRED ALBANO, an unmarried man;    )  Arizona Supreme Court
MONICA LEWIS, an unmarried          )  No. CV-11-0006-CQ
woman; SAMANTHA BAKER, an           )
individual; ARIEL BARR, an          )  United States Court of
unmarried man; PHILLIP BARR, a      )  Appeals, 9th Circuit
single man; KEITH BODIE,            )  No. 09-15808
husband; STACY BODIE, wife; JON     )
L. BRUCE, an individual; CRAIG      )  United States District
BURKE, husband; LINDA BURKE,        )  Court for the District
wife; DAWN R. CAIN, an              )  of Arizona (Phoenix)
individual; CHRISTINA CARLSON,      )  No. 07-CV-02359
an individual; CHARLES CHEN,        )  No. 08-CV-00505
husband; LISA CHEN, wife;           )  (Consolidated)
CHRISTOPHER CORDASCO, an            )
individual; PAUL CRANDELL,          )
husband; JENNIFER CRANDELL,         )
wife; KENT ELLSWORTH, husband;      )  **O P I N I O N**
LAUREE ELLSWORTH, wife; RONALD      )
FILIPSKI, husband; LAURA            )
FILIPSKI, wife; ANGELICA HARVEY,    )
an individual; DIRK HOWARD,         )
husband; NANCY HOWARD, wife;        )
GEORGE HULECKI, husband; JEANNE     )
HULECKI, wife; CANDACE HURTT,       )
wife; JAMES CRAIG, husband;         )
ROBERT KEGERREIS, Trustee of the    )
Kegerreis Family Trust u/a/d        )
June 15, 2005; CYNTHIA KEGERREIS,   )
Trustee of the Kegerreis Family     )
Trust u/a/d June 15, 2005; JOHN     )
R. LETTEER, husband; JUDITH         )
LETTEER, wife; KELLY J. MALLORY,    )
an individual; CHARLES              )
McGOLDRICK, husband; MAUREEN        )
McGICK, wife; ROBERT L. MITCHELL,   )
a single man; BEATRICE M. LINNE,    )
an unmarried woman; RICHARD         )
NAVARRO, an individual; SCOTT A.    )
OLMSTEAD, husband; AMBER S.         )
OLMSTEAD, wife; DONALD W.           )
ROBERTS, husband; JULIA A.          )
ROBERTS, wife; LINDA S. RODELA,     )
an individual; JACK E. ROSE, JR.,   )
husband; SHAWNA R. ROSE, wife;      )

MARK B. SAMFORD, husband;          )
REBECCA L. SAMFORD, wife; JANE     )
D. SCHMALTZ, an individual;        )
RICHARD SCOTT, husband; SHARON     )
SCOTT, wife; DENNIS SIMPSON, an    )
individual; BLAKE SLAUGHTER,       )
husband; CHANTELL SLAUGHTER,       )
wife; BRUCE TARMAN, husband;       )
JANELLE TARMAN, wife; MICHAEL L.   )
TOMAINO, II, an individual; ERIC   )
T. VALIMAKI, husband; CRISTI D.    )
VALIMAKI, wife; DAVID A. WENMAN,   )
husband, as Trustee of the Wenman  )
Family Trust dated July 9, 1999;   )
JACQUELINE DIANE WENMAN, wife,     )
as Trustee of the Wenman Family    )
Trust dated July 9, 1999; SETH     )
WHEELER, husband, on his own       )
behalf and on behalf of all        )
others similarly situated;         )
JACQUELINE WHEELER, wife, on her   )
own behalf and on behalf of all    )
others similarly situated;         )
PHILLIS J. SIMPSON, an             )
individual,                        )
                                   )
          Plaintiffs-Appellants,   )
                                   )
               v.                  )
                                   )
SHEA HOMES LIMITED PARTNERSHIP,    )
an Arizona limited partnership;    )
J.F. SHEA CO., INC., a Nevada      )
corporation, dba SHEA HOMES,       )
                                   )
          Defendants-Appellees.    )
                                   )
_____ )


Certified Questions from the
United States Court of Appeals for the Ninth Circuit

The Honorable Kenneth F. Ripple, Judge

The Honorable Pamela Ann Rymer, Judge

The Honorable Raymond C. Fisher, Judge


2

_____

BURDMAN & SHORE PLLC                                        Phoenix
     By   William F. Shore, III
          Robert E. Barry
          Robert H. Willis


And


PAUL G. ULRICH PC                                          Phoenix
     By   Paul G. Ulrich
Attorneys for Alfred Albano, Monica Lewis, Samantha Baker, Ariel
Barr, Phillip Barr, Keith Bodie, Stacy Bodie, Jon L. Bruce,
Craig Burke, Linda Burke, Dawn R. Cain, Christina Carlson,
Charles Chen, Lisa Chen, Christopher Cordasco, Paul Crandell,
Jennifer Crandell, Kent Ellsworth, Lauree Ellsworth, Ronald
Filipski, Laura Filipski, Angelica Harvey, Dirk Howard, Nancy
Howard, George Hulecki, Jeanne Hulecki, Candace Hurtt, James
Craig, Robert Kegerreis, Cynthia Kegerreis, John R. Letteer,
Judith Letteer, Kelly J. Mallory, Charles McGoldrick, Maureen
McGick, Robert L. Mitchell, Beatrice M. Linne, Richard Navarro,
Scott A. Olmstead, Amber S. Olmstead, Donald W. Roberts, Julie
A. Roberts, Linda S. Rodela, Jack E. Rose, Jr., Shawna R. Rose,
Mark B. Samford, Rebecca L. Samford, Jane D. Schmaltz, Richard
Scott, Sharon Scott, Dennis Simpson, Blake Slaughter, Chantell
Slaughter, Bruce Tarman, Janelle Tarman, Michael L. Tomaino, II,
Eric T. Valimaki, Cristi D. Valimaki, David A. Wenman,
Jacqueline Diane Wenman, Seth Wheeler, Jacqueline Wheeler, and
Phillis J. Simpson


MARISCAL WEEKS MCINTYRE & FRIEDLANDER PA                    Phoenix
     By   Gary L. Birnbaum
          Barry R. Sanders
          Stephen E. Richman


And


RIGHI HERNANDEZ LAW FIRM                                    Phoenix
     By   Jill Ann Herman
Attorneys for Shea Homes Limited Partnership and J.F. Shea
Co., Inc.


BONNETT FAIRBOURN FRIEDMAN & BALINT PC                      Phoenix
     By   Francis J. Balint, Jr.
          Kevin R. Hanger


3

Attorneys for Amicus Curiae Public Justice PC

KOELLER NEBEKER CARLSON & HALUCK LLP                    Phoenix
     By    William A. Nebeker
           Troy G. Allen
           Rachel C. Nies
           Melissa J. England
Attorneys for Amicus Curiae Home Builders Association of Central
Arizona

KASDAN SIMONDS WEBER & VAUGHAN LLP                      Phoenix
     By    Kenneth S. Kasdan
           Stephen L. Weber
           Michael J. White
Attorneys for Amicus Curiae Concerned Consumers of Sun City
Grand

FOLK & ASSOCIATES PC                                   Phoenix
     By    P. Douglas Folk
           Heather K. Seiferth
Attorneys for Amicus Curiae American Council of Engineering
Companies of Arizona, AIA Arizona and Structural Engineers
Association of Arizona
_____

**P E L A N D E R**, Justice

¶1      We accepted jurisdiction to answer three questions certified to us by the United States Court of Appeals for the Ninth Circuit:

> 1. Does the filing of a motion for class certification in an Arizona court toll the statute of limitations for individuals, who are included within the class, to file individual causes of action involving the same defendants and the same subject matter?
>
> 2. If so, does this class-action tolling doctrine apply to statutes of repose, and more specifically, to the statute of repose for construction defects set forth in Arizona Revised Statutes ("A.R.S.") § 12–552?
>
> 3. If the doctrine applies to statutes of repose, and specifically § 12–552, may a court weigh the equities of the case in determining whether, and to what

4

extent, an action is tolled?

We have jurisdiction pursuant to Article 6, Section 5(6) of the Arizona Constitution, A.R.S. §§ 12-1861 to 12-1867 (2003), and Arizona Supreme Court Rule 27.

¶2        Although the issue posed by the first question is not directly presented here, we assume without deciding that the timely filing of a class action complaint in Arizona tolls the applicable statute of limitations for all non-named putative class members from the date the complaint is filed until an order denying class certification is entered.  We answer the second certified question in the negative and, therefore, find it unnecessary to answer the third question.

**I**

¶3        The Ninth Circuit's amended certification order details this litigation's lengthy history.  *See Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 526-29 (9th Cir. 2011). Briefly, plaintiffs Alfred Albano and two other homeowners appealed to the Ninth Circuit from the district court's summary judgment dismissing their construction-defect claims against Shea Homes Limited Partnership and J.F. Shea Co., Inc. (collectively "Shea Homes") as barred by Arizona's statute of repose, A.R.S. § 12-552 (2003).  The case pending before the Ninth Circuit is the third of four related lawsuits alleging construction defects in homes located in a Shea Homes planned

5

community (Carriage Lane) in Gilbert.

¶4        The first case ("*Hoffman*") was filed as a putative class action against Shea Homes in superior court in June 2003. The named plaintiffs did not move for class certification until November 2005.  In February 2006, the superior court denied that motion, both as untimely and for failure to establish the "'typicality' and 'commonality'" of claims required for class certification under Arizona Rule of Civil Procedure 23.  The court also denied the plaintiffs' motion to add eighty-six new plaintiffs.  The three named plaintiffs in *Hoffman* later settled their claims.

¶5        The second case against Shea Homes was filed in 2006 by Carriage Lane homeowners not allowed to join *Hoffman*.  After serving a Notice and Opportunity to Repair ("NOR") on Shea Homes, those homeowners filed a new action ("*Albano I*") in superior court.  That action, however, was dismissed because the plaintiffs did not respond to the defendants' offers to repair, as required by the Arizona Purchaser Dwelling Act, A.R.S. § 12-1363 (2003).

¶6        Thereafter, the *Albano I* plaintiffs sent additional NORs to Shea Homes, and on November 5, 2007, filed a third action in superior court ("*Albano II*") against Shea Homes.  The defendants removed the case to federal court and moved for summary judgment, asserting that the action was barred by the

6

eight-year statute of repose in § 12-552(A).

¶7     Before responding to the motion, the plaintiffs filed another action in superior court ("*Albano III*"), naming as the only defendant Shea Homes Arizona Limited Partnership. The case was removed to district court and consolidated with *Albano II*. Shea Homes filed a motion for summary judgment in *Albano III*, which posed the same issue as the *Albano II* motion - whether plaintiffs' claims were time-barred by the statute of repose or, instead, whether the statute's eight-year period was tolled between the filing of the *Hoffman* putative class action and the superior court's denial of class certification in that case.

¶8     The district court found plaintiffs' claims were time-barred. The court was persuaded that this Court would adopt the tolling rule for class actions recognized in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974). The district court also concluded that *American Pipe* tolling could apply to the statute of repose at issue, A.R.S. § 12-552(A).

¶9     Applying *American Pipe* to the plaintiffs' claims, however, the court concluded that tolling could not save the *Albano III* action because the tolling rule "presupposes that the defendant is identical in both the class action suit and the individual class members' suits." Shea Homes Arizona Limited Partnership was not a defendant in *Hoffman*.

¶10     With respect to *Albano II*, the district court

concluded that tolling was only appropriate from the filing of plaintiffs' motion for class certification on November 2, 2005, until the denial of that motion on February 24, 2006. The court refused to toll the statute of repose for the nearly two and a half years that it took the *Hoffman* plaintiffs to move for class certification, finding "such prolonged tolling unwarranted." Without the benefit of tolling for the entire period from the filing of *Hoffman* until the denial of class certification, the district court concluded, plaintiffs' claims were untimely.

¶11    On appeal,[1] plaintiffs contended that the district court erred in failing to apply *American Pipe* tolling for the period between the filing of the *Hoffman* complaint and the denial of class certification. Because this Court has never determined whether *American Pipe* and its progeny apply to class actions, and more specifically, to class actions subject to a statute of repose, the Ninth Circuit certified the three questions to this Court. *See Albano*, 634 F.3d at 526, 540-41.

**II**

¶12    *American Pipe* involved a putative class action under Rule 23 of the Federal Rules of Civil Procedure, a rule that is substantively similar to Rule 23 of the Arizona Rules of Civil

---

[1]    Because the Ninth Circuit's caption does not include Shea Homes Arizona Limited Partnership, we assume that plaintiffs only appealed from the summary judgment entered against them in *Albano II*.

Procedure. In *American Pipe*, the State of Utah, purportedly representing various "public bodies and agencies of the state and local government," instituted a federal antitrust class action shortly before the applicable statute of limitations expired. 414 U.S. at 541 (internal quotation marks omitted). The district court denied class certification. *See id.* at 543. Various entities in the putative class then moved to intervene, but that motion was denied because the limitations period had run. *Id.* at 543-44. After the Ninth Circuit reversed that ruling on appeal, the Supreme Court granted certiorari and affirmed, concluding as follows:

> Under the circumstances of this case, where the District Court found that the named plaintiffs asserted claims that were "typical of the claims or defenses of the class" and would "fairly and adequately protect the interests of the class," [Fed. R. Civ. P.] 23(a)(3), (4), the claimed members of the class stood as parties to the suit until and unless they received notice thereof and chose not to continue. Thus, the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs.

*Id.* at 550-51.

¶13    The Court held that generally "commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553. A contrary

9

conclusion, the Court reasoned, would frustrate the purposes of class actions recognized in Rule 23 of the Federal Rules of Civil Procedure, "because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties."  *Id.* at 551.  That scenario would result in the multiple actions that "Rule 23 was designed to avoid in those cases where a class action is found 'superior to other available methods for the fair and efficient adjudication of the controversy.'"  *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).

¶14    The Court said that a class-action tolling rule was not "inconsistent with the functional operation of a statute of limitations," which is designed to avoid "stale claims" and "prevent[] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  *Id.* at 554 (citations omitted).  Such policies are satisfied when "a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment."  *Id.* at 554-55.

10

¶15    The Supreme Court later extended the *American Pipe* tolling rule to parties who, after the denial of a motion for class certification, institute their own actions rather than seek to intervene in the putative class action. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983). The Court held that "[t]he filing of a class action tolls the statute of limitations 'as to all asserted members of the class.'" *Id.* at 350 (quoting *American Pipe*, 414 U.S. at 554). The Court observed that many of "the same inefficiencies would ensue if *American Pipe*'s tolling rule were limited to permitting putative class members to intervene after the denial of class certification." *Id.* at 350.

¶16    Citing similar policy justifications, most states with class action rules similar to federal Rule 23 have followed *American Pipe* and adopted a class action tolling rule for statutes of limitations. *See Philip Morris USA, Inc. v. Christensen*, 905 A.2d 340, 354-55 & n.8 (Md. 2006) (adopting *American Pipe* and citing other state cases); *see also Grimes v. Hous. Auth.*, 698 A.2d 302, 307 (Conn. 1997) (applying *American Pipe* rule to toll statute of limitations); *Stevens v. Novartis Pharms. Corp.*, 247 P.3d 244, 251 (Mont. 2010) (same).

**III**

¶17    Because this case involves only Arizona's statute of repose, we need not answer the first certified question, which

11

deals with statutes of limitations. We assume without deciding that the filing of a class action in Arizona tolls the applicable statute of limitations for non-named class members until class certification is denied. This case, however, requires us to address whether such a tolling rule would also apply to a statute of repose. The statute at issue here provides in relevant part:

> Notwithstanding any other statute, no action or arbitration based in contract may be instituted or maintained against a person who develops or develops and sells real property, or performs or furnishes the design, specifications, surveying, planning, supervision, testing, construction or observation of construction of an improvement to real property more than eight years after substantial completion of the improvement to real property.

A.R.S. § 12-552(A).

¶18        The statute provides a limited exception if injury to the real property occurs, or a latent defect is first discovered, during the eighth year after substantial completion of the improvement:

> Notwithstanding subsection A of this section, in the case of injury to real property or an improvement to real property, if the injury occurred during the eighth year after the substantial completion, or, in the case of a latent defect, was not discovered until the eighth year after substantial completion, an action to recover damages for injury to the real property may be brought within one year after the date on which the injury to real property or an improvement to real property occurred or a latent defect was discovered, but in no event may an action be brought more than nine years after the substantial completion of the improvement.

12

*Id.* § 12-552(B).

**¶19**      Before § 12-552 was enacted, developers and builders faced an indeterminable period of liability exposure. *See, e.g., Hershey v. Rich Rosen Constr. Co.*, 169 Ariz. 110, 116, 817 P.2d 55, 61 (App. 1991); *Sheibels v. Estes Homes*, 161 Ariz. 403, 404, 778 P.2d 1299, 1300 (App. 1989). The Legislature enacted § 12-552 to limit the "time period during which action may be brought against those engaged in the development or construction of real property and activity related to the construction of real property." *See* Ariz. State Senate, Fact Sheet for S.B. 1305, 39th Leg., 1st Reg. Sess. (Mar. 20, 1989); *see also Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 239 ¶ 9, 159 P.3d 547, 549 (App. 2006) (noting that § 12-552(A) "limits the time within which parties may bring breach of contract and implied warranty actions against developers, builders, and certain others" (quoting *Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, 498 ¶ 15, 88 P.3d 565, 568 (App. 2004))).

**¶20**      Courts elsewhere are divided on whether *American Pipe* tolling should apply to statutes of repose. *See Albano*, 634 F.3d at 535 (discussing the split in authority). In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, the Supreme Court concluded in a non-class action context that a federal statute of repose was not subject to equitable tolling because

13

the purpose of the statute was "clearly to serve as a cutoff." 501 U.S. 350, 363 (1991). Following *Lampf*, lower federal courts and state courts addressing whether *American Pipe* applies to statutes of repose have often focused on whether *American Pipe* tolling is properly characterized as legal or equitable in nature. *See Albano*, 634 F.3d at 535.

¶21 The decisions, however, have not clearly or consistently differentiated between legal and equitable tolling. *Compare Joseph v. Wiles*, 223 F.3d 1155, 1166-67 (10th Cir. 2000) (concluding *American Pipe* tolling applies to statutes of repose and characterizing such tolling as "legal rather than equitable in nature" because it "occurs any time an action is commenced and class certification is pending"), and *Arivella v. Lucent Techs., Inc.*, 623 F. Supp. 2d 164, 176 (D. Mass. 2009) (concluding that *American Pipe* tolling applies to statutes of repose because it "is a species of legal tolling, in that it is derived from a statutory source" (quotation omitted)), *with Footbridge Ltd. Trust v. Countrywide Fin. Corp.*, ___ F. Supp. 2d ___, 2011 WL 907121 at *6 (S.D.N.Y. Mar. 16, 2011) (holding *American Pipe* tolling does not apply to statutes of repose and characterizing it as equitable tolling in that it "is a judicially-created rule premised on traditional equitable considerations of fairness, judicial economy, and needless

14

multiplicity of suits" (quotation omitted)).[2]

**IV**

¶22     We do not believe that characterizing *American Pipe* tolling as either equitable or legal provides a sound basis for deciding whether to apply the doctrine to a statute of repose. As the split in authority illustrates, *American Pipe* tolling does not fit neatly into either category. More pertinent to our analysis is the Supreme Court's observation in *American Pipe* that, when determining whether to apply class action tolling, "[t]he proper test is . . . whether tolling the limitation in a given context is consonant with the legislative scheme." 414 U.S. at 557-58.

¶23     In Arizona's legislative scheme, statutes of repose differ in purpose and operation from statutes of limitations.

---

[2]     Most federal courts addressing the issue have concluded that *American Pipe* tolling is legal in nature and therefore applicable to statutes of repose. *See Footbridge*, 2011 WL 907121 at *6 (discussing cases). Both the Supreme Court and this Court, however, have suggested, albeit in dicta, that *American Pipe* tolling is a form of equitable tolling. *See Young v. United States*, 535 U.S. 43, 49 (2002) (citing *American Pipe*, among other authorities, for the notion that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling . . . unless tolling would be inconsistent with the text of the relevant statute" (citations and quotations omitted)); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 & n.3 (1990) (citing *American Pipe* as an example of "allow[ing] equitable tolling" in certain situations); *Hosogai v. Kadota*, 145 Ariz. 227, 231-33, 700 P.2d 1327, 1331-33 (1985) (repeatedly citing *American Pipe* as an example of equitable tolling). Those cases, however, did not involve the issue of whether the doctrine could apply to toll a statute of repose.

The latter generally begin to run after an injury occurs and is (or reasonably should have been) discovered. *See, e.g.*, *Walk v. Ring*, 202 Ariz. 310, 315-16 ¶¶ 20-23, 44 P.3d 990, 995-96 (2002). But a statute of repose is intended "to establish a limit beyond which no suit may be pursued," and "sets a period of time within which claims must be brought regardless of when the cause of action may accrue." *Evans Withycombe*, 215 Ariz. at 240 ¶ 12, 159 P.3d at 550 (quoting *Maycock*, 207 Ariz. at 501 ¶ 28, 88 P.3d at 571).

¶24 Thus, under statutes of repose, "a claim may be barred if it does not accrue within the allowable statutory period." *Maycock*, 207 Ariz. at 501 ¶ 28, 88 P.3d at 571. Although statutes of limitations are generally considered procedural, *see Hosogai v. Kadota*, 145 Ariz. 227, 231, 700 P.2d 1327, 1331 (1985), a statute of repose defines a substantive right, *see Resolution Trust Corp. v. Olson*, 768 F. Supp. 283, 285 (D. Ariz. 1991); *see also Snyder v. Love*, 153 P.3d 571, 573 (Mont. 2006) (observing that statutes of repose are "substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants" (quotations omitted)).

¶25 *American Pipe* tolling is a court-created rule based on policy considerations and principles underlying Rule 23. The *American Pipe* Court aptly stated that its "judicial tolling of the statute of limitations" was simply a matter of "recognizing

16

*judicial power*" to do so in federal courts.  414 U.S. at 558 & n.29 (emphasis added); *see also Footbridge*, 2011 WL 907121 at *6 (noting that the Court in *American Pipe* did not "read the text of Rule 23 as having embedded within it language that creates a class action tolling rule").

¶26    We cannot, however, employ a court-adopted rule of procedure to alter the substantive effect of a statute of repose.    We have repeatedly recognized that when a constitutionally enacted substantive statute conflicts with a procedural rule, the statute prevails.  *Seisinger v. Siebel*, 220 Ariz. 85, 91 ¶ 24, 203 P.3d 483, 489 (2009); *see also In re Marriage of Waldren*, 217 Ariz. 173, 177 ¶ 20, 171 P.3d 1214, 1218 (2007) ("Court rules may not 'abridge, enlarge, or modify substantive rights of a litigant.'" (quoting A.R.S. § 12-109(A))).

¶27    We agree that "many of the policy considerations present in *American Pipe* would support tolling a statute of repose."  *See Footbridge*, 2011 WL 907121 at *7; *see also Joseph*, 223 F.3d at 1167-68.  But § 12-552(A) provides that "no action . . . based in contract may be instituted or maintained against a person who develops or develops and sells real property . . . more than eight years after substantial completion of the improvement to real property."  When a latent defect is discovered, a claim may be brought within a year after

17

discovery, but "in no event may an action be brought more than nine years after the substantial completion of the improvement." *Id.* § 12-552(B).

¶28     The eight-year statute of repose period began to run on November 6, 1997, the date of the Town of Gilbert's final inspection.  *Albano II* was filed on November 5, 2007.  Applying class action tolling to this case would thus permit a lawsuit to be commenced nearly ten years after substantial completion of the improvement.  Tolling the statute here to permit such a result is simply not "consonant with the legislative scheme" of § 12-552.  *See American Pipe*, 414 U.S. at 558.

¶29     If the Legislature wishes to permit class action tolling under § 12-552, it may of course amend the statute to so provide.  Absent such legislative action, however, we cannot apply *American Pipe* tolling to override the statute of repose in this case.  *See Florez v. Sargeant*, 185 Ariz. 521, 529, 917 P.2d 250, 258 (1996) ("If the legislature wants to broaden the category of disability to toll the statute of limitations . . . it is, of course, free to do so. But the weighing, balancing, and policy making that go into such an enterprise are properly legislative, not judicial, tasks.").

V

¶30     Although the Ninth Circuit did not certify a question relating to Arizona's savings statute, A.R.S. § 12-504(A)

18

(2003), that court stated that its "phrasing of the questions should not limit [our] consideration of the issues involved." *Albano*, 634 F.3d at 541. Because the district court addressed that statute at some length, as did the parties in this Court, we turn briefly to that issue.

¶31     The Arizona savings statute provides in relevant part:

> If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

A.R.S. § 12-504(A). Plaintiffs contend that the savings statute does not conflict with the statute of repose because § 12-552 "governs the time for bringing an original action," and § 12-504(A) "governs the time to refile an action that was originally brought timely." Pursuant to § 12-504(A), they argue, "putative class members can automatically refile follow-on or renewed identical individual actions against the class defendant(s) within six months from the entry of the order denying class certification."

¶32     The savings statute, however, cannot save the plaintiffs' claims here. If we assume, without deciding, that the savings statute could be applied to claims of unnamed putative class members after class certification is denied, and

19

to an action otherwise barred by the statute of repose, plaintiffs did not commence *Albano II* within the six-month period required by § 12-504(A). The superior court denied class certification in *Hoffman* in February 2006. *Albano I* was filed on May 30, 2006, but it was dismissed in July 2007. *Albano II* was filed in November 2007, more than fourteen months after the savings statute's six-month period had expired.

¶**33** Plaintiffs seek to apply the savings statute to *Albano II*. The savings statute, however, only allows a plaintiff to "commence a new action for the same cause;" it does not allow successive refilings to be tacked together. *See, e.g.*, *Koffski v. Village of N. Barrington*, 988 F.2d 41, 43 (7th Cir. 1993) (concluding that savings statute "provides for only one refiling"); *Pintavalle v. Valkanos*, 581 A.2d 1050, 1052 & n.5 (Conn. 1990) (same). The savings statute thus does not apply to any new action other than the since-dismissed *Albano I* filing, and can be of no aid to the plaintiffs in their appeal of the dismissal of *Albano II*.

**VI**

¶**34** For the reasons above, we hold that *American Pipe* tolling does not apply to the statute of repose in § 12-552. Given our answer to the second certified question, we find it unnecessary to address the first and third questions.

20

_____
A. John Pelander, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
Robert M. Brutinel, Justice