**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALFRED ALBANO, an unmarried
man; MONICA LEWIS, an unmarried
woman; SAMANTHA BAKER, an
individual; ARIEL BARR, an
unmarried man; PHILLIP BARR, a
single man; KEITH BODIE, husband;
STACY BODIE, wife; JON L. BRUCE,
an individual; CRAIG BURKE,
husband; LINDA BURKE, wife;
DAWN R. CAIN, an individual;
CHRISTINA CARLSON, an individual;
CHARLES CHEN, husband; LISA
CHEN, wife; CHRISTOPHER
CORDASCO, an individual; PAUL
CRANDELL, husband; JENNIFER
CRANDELL, wife; KENT ELLSWORTH,
husband; LAUREE ELLSWORTH, wife;
RONALD FILIPSKI, husband; LAURA
FILIPSKI, wife; ANGELICA HARVEY,
an individual; DIRK HOWARD,
husband; NANCY HOWARD, wife;
GEORGE HULECKI, husband; JEANNE
HULECKI, wife; CANDACE HURTT,
wife; JAMES CRAIG, husband;
ROBERT KEGERREIS, Trustee of the
Kegerreis Family Trust u/a/d June
15, 2005;

CYNTHIA KEGERREIS, Trustee of the
Kegerreis Family trust u/a/d June
15, 2005; JOHN R. LETTEER,
husband; JUDITH LETTEER, wife;
KELLY J. MALLORY, an individual;
CHARLES McGOLDRICK, husband;
MAUREEN McGOLDRICK, wife;
ROBERT L. MITCHELL, a single
man; BEATRICE M. LINNE, an
unmarried woman; RICHARD
NAVARRO, an individual; SCOTT A.
OLMSTEAD, husband; AMBER S.
OLMSTEAD, wife; DONALD W.
ROBERTS, husband; JULIA A.
ROBERTS, wife; LINDA S. RODELA,
an individual; JACK E. ROSE, JR.,
husband; SHAWNA R. ROSE, wife;
MARK B. SAMFORD, husband;
REBECCA L. SAMFORD, wife; JANE
D. SCHMALTZ, an individual;
RICHARD SCOTT, husband; SHARON
SCOTT, wife; DENNIS SIMPSON, an
individual; BLAKE SLAUGHTER,
husband; CHANTELL SLAUGHTER,
wife; BRUCE TARMAN, husband;
JANELLE TARMAN, wife; MICHAEL L.
TOMAINO, II, an individual; ERIC T.
VALIMAKI, husband; CRISTI D.
VALIMAKI, wife; DAVID A.
WENMAN, husband as Trustee of
the Wenman Family Trust dated
July 9, 1999; JACQUELINE DIANE
WENMAN, wife, as Trustee of the
Wenman Family Trust dated July
9, 1999;

SETH WHEELER, husband, on his
own behalf and on behalf of all
others similarly situated;
JACQUELINE WHEELER, wife, on her
own behalf and on behalf of all
others similarly situated; PHILLIS J.
SIMPSON, an individual,
                *Plaintiffs-Appellants,*

                    v.

SHEA HOMES LIMITED PARTNERSHIP,
an Arizona limited partnership;
J.F. SHEA CO., INC., a Nevada
corporation, DBA Shea Homes,
                *Defendants-Appellees.*

No. 09-15808

D.C. Nos.
2:07-cv-02359-
SMM
2:08-cv-00505-
SMM

OPINION

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted
June 16, 2010—San Francisco, California

Filed November 21, 2011

Before: Kenneth F. Ripple,* Raymond C. Fisher and
Sandra S. Ikuta,** Circuit Judges.

Opinion by Judge Ripple

---

*The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

**Due to the death of the Honorable Pamela A. Rymer, the Honorable Sandra S. Ikuta, United States Circuit Judge for the Ninth Circuit, was drawn to replace her. Judge Ikuta has read the briefs, reviewed the record, and listened to the audio recording of oral argument held on June 16, 2010.

## COUNSEL

Robert H. Willis, Burdman & Shore, Phoenix, Arizona, for the plaintiffs-appellants.

Gary L. Birbaum and Barry R. Sanders, Mariscal Weeks McIntyre & Friedlander, Phoenix, Arizona, for defendants-appellees.

## OPINION

RIPPLE, Senior Circuit Judge:

On June 30, 2011, the Supreme Court of Arizona answered questions that we had certified to that court. Specifically, it determined that the rule of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), does not toll the statute of repose for construction-defect claims set forth in Arizona Revised Statutes section 12-552. *Albano v. Shea Homes Ltd. P'ship*, 254 P.3d 360, 366 (Ariz. 2011). It also determined

that Arizona's savings statute, Ariz. Rev. Stat. § 12-504(A), does not operate to save the appellants' claims. *Albano*, 254 P.3d at 367.

Following our receipt of these answers, we allowed the parties to file submissions to address whether there were any issues left to be resolved by this court. The appellees informed us that the Supreme Court of Arizona's clear responses to the certified questions were determinative of the matters before the court: Appellants' claims were time-barred. The appellants agree that the Supreme Court of Arizona's answers definitively resolve their claims. Nevertheless, relying on *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), they ask that the rules articulated by the Supreme Court of Arizona be applied only in a prospective manner, thus exempting the appellants from the effects of those rules. We refuse to do so for several reasons.

**[1]** First, the appellants never have argued that, in the event that the court concluded that *American Pipe* tolling did not save their claims, that determination should be nonretroactive. Having failed to raise this alternative claim in a timely manner, it is waived.

**[2]** Second, *Chevron Oil* is inapplicable here.[1] As subsequent case law has made clear, *Chevron Oil* and its progeny articulate a methodology for determining when a federal court should apply a rule of federal law retroactively. *See, e.g.*, *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal

---

[1]As the appellants note, this court recently has reaffirmed the vitality of *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), in this circuit. *See Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011) (en banc) (stating that "the three-factor *Chevron Oil* test remains good law, at least in cases, such as this one, where we announce a new rule of law not affecting our jurisdiction").

law and must be given full retroactive effect . . . .").[2] When we consider a matter of state law, however, "[w]e are required, in exercising our appellate jurisdiction over this diversity case, to apply the law as presently defined by the highest court of [the State], despite the fact that the law was altered after the judgment below was entered." *Nelson v. Brunswick Corp.*, 503 F.2d 376, 381 (9th Cir. 1974) (citing *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538 (1941)).[3]

---

[2]*See also Lamb ex rel. Donaldson v. Volkswagenwerk Aktiengesell-schaft*, 631 F. Supp. 1144, 1151 (S.D. Fla. 1986) ("[T]he Supreme Court's pronouncement in *Chevron Oil* would not determine the result of this lawsuit even if Plaintiff had met its three-pronged standard. . . . *Chevron Oil* concerned the retroactive application of a federal decision involving federal law. The task of this Court in this diversity action is to reconcile this case with the current state of Florida law.").

[3]We noted in *Nelson*, 503 F.2d at 381, that,

> At the time the *Vandenbark* rule was adopted, it was undoubtedly thought to be a necessary extension of the Court's interpretation of the Rules of Decision Act in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The rule has been criticized, we think perhaps justly, because it can lead to a difference in the result obtained in a federal and state court. In a state which engages in prospective overruling, the federal appellate court's application of the new rule will lead to a different result than would have resulted in a case pending in the state appellate courts if the new rule were not applied retroactively. The *Vandenbark* decision does not on its face seem to contemplate an independent determination of whether the state will apply a change in its rules of decision retroactively in ascertaining the law of a state; we apply *Vandenbark* as a "hard-and-fast" rule here. However, we do not think any difference would result from a more flexible approach, as our analysis of the Washington decisions indicates that Washington would probably apply this decision retroactively.

*Id.* at 381-82 n.12 (citation omitted).

Since our decision in *Nelson*, several courts of appeals have commented that the rule in *Vandenbark* "may run afoul of *Erie* when the intervening change in state law would not have been applied retroactively by the state courts themselves." *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 289 (5th Cir. 1987); *see also, e.g., Litton Sys., Inc. v. Am. Tel. & Tel.*

**[3]** Even if we were free to deviate from the *Vandenbark* rule, however, the same result would obtain. "Normally, [Supreme Court of Arizona] decisions in civil cases operate retroactively as well as prospectively." *Lowing v. Allstate Ins. Co.*, 859 P.2d 724, 731 (Ariz. 1993). Although that court has "a great deal of discretion to decide the most equitable time to make new rules applicable," *id.* (internal quotation marks omitted), it gave no indication that its answers to the certified questions should be given only prospective application. On the contrary, we take judicial notice of the fact that the appellants, by way of a motion for reconsideration, specifically requested that the Supreme Court of Arizona "modify its Opinion to have a prospective effect only with regard to class action complaints filed after its date of decision" and that the Supreme Court of Arizona denied the appellants' motion for reconsideration.

**[4]** Both of the parties agree that the Supreme Court of Arizona's answers to our certified questions put an end to the litigation before this court. Consequently, we now hold that, for the reasons articulated by the Supreme Court of Arizona, the appellants' claims are time-barred. The judgment of the district court dismissing the appellants' complaints is, therefore, affirmed.

**AFFIRMED**.

---

Co., 746 F.2d 168, 172 n.6 (2d Cir. 1984) (reciting result in *Vandenbark* and noting that "[t]his result was reached to carry out the teaching of *Erie* . . . though *Erie* probably required application only of state appellate decisions that the state court itself said were applicable to judgments previously entered but pending on direct review").