**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY DANDRIDGE, an individual; DEBBIE DANDRIDGE, an individual, | No. 23-55565 |
| Plaintiffs-Appellants, | D.C. No. 5:22-cv-00985-GW-SHK |
| v. | |
| SELECT PORTFOLIO SERVICING, INC.; DOES, 1-50, Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 6, 2024[**]
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Debbie and Roy Dandridge appeal the district court's order dismissing with

prejudice their Third Amended Complaint (TAC) against their home loan servicer,

Select Portfolio Servicing, Inc. (SPS). We assume the parties' familiarity with the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

facts and recite them only as necessary. "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 938 (9th Cir. 2018) (citation omitted). "We review denial of leave to amend for abuse of discretion." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    The district court did not err by dismissing the Dandridges' breach-of-contract claim based on SPS's alleged failure to credit the Dandridges' 2015 loan payments to their account. The district court correctly concluded that this claim accrued in 2015 and was therefore barred by the four-year statute of limitations. *See* Cal. Civ. Proc. Code § 337(a) (establishing four-year statute of limitations for contract claims). California's discovery rule "delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). The Dandridges could have brought their breach-of-contract claim after they were put on notice in July 2015 that their prior loan servicer, SunTrust Mortgage, Inc., was not applying their payments to their account.

The TAC fails to plausibly allege a basis to toll the statute of limitations. Under California law, a limitations period may be equitably tolled during the

2

pendency of a separate legal proceeding "designed to lessen the extent of [the plaintiff's] injuries or damage." *Addison v. State*, 578 P.2d 941, 943 (Cal. 1978); *see also Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir.) ("Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations."), *certified question answered*, 254 P.3d 360 (Ariz. 2011). Assuming that the reopening of the Dandridges' bankruptcy proceedings in late 2015 could qualify as an alternative legal proceeding that could lessen the extent of their injuries arising from any breach, those proceedings concluded in April 2016, six years before the Dandridges filed their complaint. The TAC also fails to plausibly allege any conduct by Suntrust or SPS that "induced [the Dandridges] to postpone filing the action until after the statute ha[d] run" and would therefore justify equitably estopping SPS from asserting a statute-of-limitations defense. *Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 295 (Ct. App. 2003).

2. The district court did not err by dismissing the Dandridges' breach-of-contract claim based on SPS's alleged failure to notify them of the change in loan servicer from SunTrust to SPS. To state a breach-of-contract claim, a plaintiff must allege that they incurred damages as a result of the defendant's breach. *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). Given that the Dandridges did not make any payments to either SunTrust or SPS during the relevant time period, the TAC fails to plausibly allege how the arrears and late fees

3

on the Dandridges' account would have been different if they had received timely notice that SPS was their loan servicer.

3.    The district court did not err by dismissing the Dandridges' claim for breach of the implied covenant of good faith and fair dealing. This claim is time-barred as it relates to the 2015 loan payments for the same reasons that the Dandridges' breach-of-contract claim is time-barred. *See Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 249 n.4 (Ct. App. 1990) (applying four-year statute of limitations to implied-covenant claim based on an "implied contractual promise"). The Dandridges waived any argument that the district court erred by dismissing their alternative articulation of this claim that SPS failed to properly communicate with the Dandridges. *See United States v. Kirilyuk*, 29 F.4th 1128, 1136 (9th Cir. 2022) ("[A]n appellant generally waives any argument not raised in the opening brief.").

4.    The district court did not err by dismissing the Dandridges' California Civil Code § 2924c claim. Under § 2924c, "the mortgagor [has] a right to cure a default by paying the amount in default, plus 'reasonable costs and expenses,' thereby reinstating the loan as if the default had not occurred." *Walker v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 2d 79, 89 (Ct. App. 2002) (quoting Cal. Civ. Code § 2924c(a)(1)). The Dandridges fail to state a § 2924c claim because the TAC does not allege that the Dandridges attempted to make any post-

4

2015 payments toward curing their default or otherwise sought to reinstate their loan pursuant to § 2924c. *See Orcilla v. Big Sur, Inc.*, 198 Cal. Rptr. 3d 715, 731 (Ct. App. 2016).

5. The district court did not err by dismissing the Dandridges' Real Estate Settlement Procedures Act (RESPA) claim. The district court correctly concluded that the TAC fails to plausibly allege that the Dandridges suffered "any actual damages" as a result of SPS's allegedly untimely and incomplete response to the Dandridges' RESPA inquiry. 12 U.S.C. § 2605(f)(1)(A).

6. The district court did not err by dismissing the Dandridges' California Business and Professions Code § 17200 claim. The Dandridges concede that this claim is derivative of their other claims. Because their other claims are not viable, this claim necessarily fails. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999).

7. Finally, the district court did not abuse its discretion by dismissing the TAC with prejudice. The district court gave the Dandridges two opportunities to correct the deficiencies in their complaint, and the amendments they propose on appeal would not salvage any of their claims. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

5

**AFFIRMED.**